### BOERMAN v. MARRERO et al.

(Circuit Court of Appeals, First Circuit. January 6, 1925.)

#### No. 1711.

Bastards ⬳14—In an action for filiation under Civil Code Porto Rico, brought after the death of the alleged parent, his executor is not a necessary party.

Under Civ Code Porto Rico, §§ 192, 194, in a suit for filiation brought after the death of the alleged parent, only the persons constituting the succession are necessary parties defendant and it is not necessary to join his personal representative, notwithstanding Code Civ. Proc. Porto Rico. § 41.

Appeal from the District Court of the United States for the District of Porto Rico; Odlin, Judge.

Suit in equity by Maria L. Boerman, executrix, against Amelia Marrero and others. Decree for defendants, and complainant appeals. Affirmed.

Herminia Tormes, of Ponce, Porto Rico, for appellant.

R. V. Perez Marchand and Jose Tous Soto, both of Ponce, Porto Rico, and Perez Marchand, for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a decree of the District Court of the United States for the District of Porto Rico. The plaintiff is the widow of Charles M. Boerman, who died in Porto Rico January 30, 1915, leaving a last will and testament in which the widow was named executrix. This will was duly probated in the local District Court of Ponce, Porto Rico, on February 3, 1915, and on June 6, 1917, she was appointed judicial administratrix of his estate.

Amelia Marrero on November 24, 1915,

filed a bill of complaint in the District Court for the Judicial District of Ponce praying that she be adjudged the natural child of Charles M. Boerman, with the right to bear his surname and also to inherit the part of the estate to which she would be entitled if legitimatized. The defendants named in this complaint were the widow, Maria D. Boerman, née Fordham, a resident of Ponce, and the mother of the testator, Esther Bessie Boerman, a resident of Ponewish, Russia, who were the only legatees named in the will besides the complainant who received a small bequest. Service upon the mother was ordered by publication and notice by mailing to her at her address in Russia a copy of a summons. She did not appear to answer to the complaint; but the widow did so, and there was a full hearing before the District Court of Ponce upon the question whether Amelia Marrero had been acknowledged by the said Charles M. Boerman to be his natural child, as required by the Civil Code of Porto Rico. The District Court found that she had, and rendered a judgment of filiation.

Appeal was then taken by the widow to the Supreme Court of Porto Rico, which affirmed the judgment of the District Court, stating that the evidence at the trial, that Amelia Marrero had been acknowledged by the said Charles M. Boerman as his natural child, was "strong and convincing."

Appeal was then taken to this court which, in its opinion, 273 F. 61, affirmed the judgment of the Supreme Court of Porto Rico.

The District Court of Ponce then proceeded with the administration of the estate of Charles M. Boerman in accordance with the law of Porto Rico. A commissioner was appointed by it for the partition of the estate, who filed his written report in the District Court, and it was approved.

An appeal was then taken to the Supreme Court of the Island from the decree approving the report by the District Court, which was dismissed for the reason that it was not seasonably taken.

A motion was then filed in the District Court that the widow, as judicial administrator, file a final account. This was opposed by the widow; but the court granted the motion and directed her to file a final account of her administration. The widow, then, as executrix and judicial administratrix, filed a motion attacking the judgment of filiation which had been rendered by the District Court and affirmed by the Supreme Court of Porto Rico and by this court,

claiming that the judgment was void because the widow had not been made a party as judicial administratrix and moving that the judgment of filiation be vacated and declared without any legal effect. This motion was denied. No appeal to the Supreme Court of Porto Rico appears to have been taken from this last judgment, which was rendered upon May 15, 1923.

On May 25, 1923, a bill of complaint was filed in the District Court of the United States for Porto Rico by the appellant against Amelia Marrero, the sisters of Charles M. Boerman (his mother having died), and certain parties to whom the said Amelia Marrero had conveyed certain real estate which, by the partition of the commissioner, approved by the District Court of Ponce, had been allotted to her as a part of the real estate to which she was entitled as an heir.

The complainant in this bill alleges that the judgment of filiation rendered by the District Court of Porto Rico is void for lack of jurisdiction because she, as executrix of the will of Charles M. Boerman and judicial administratrix, was not made a party to the action for filiation, and praying that said judgment and all proceedings thereunder be declared null and void, as well as the deeds given to certain defendants of real estate which under the partition had been allotted to Amelia Marrero as a legitimatized child; also praying for an injunction. The District Court held that the widow, having been made a party to the complaint for filiation as one of the parties constituting the succession, the judgment in that case barred her right of action as judicial administratrix in this case and dismissed the bill.

It is not necessary to consider the reason assigned by the District Court for its decree, because we think it should be affirmed upon broader grounds.

It was contended in argument that the judgment rendered was void because the widow was not made a party as the personal representative of Charles M. Boerman. This question was not raised in the District Court of Porto Rico when the complaint for filiation was before it, nor in the Supreme Court of Porto Rico upon appeal; nor when the case was argued before this court.

In support of this contention it is urged that the following pertinent part of section 41 of the Code of Civil Procedure of Porto Rico requires that the personal representa-

tive be made a party to the complaint of filiation and that the court was without jurisdiction if it proceeded without such representative being made a party. The part of the section which has been brought to our attention is as follows:

"Sec. 41. * * * If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

In support of this contention counsel have cited Rosado v. Succession of Matta, 19 P. R. Rep. 291. Upon an examination of this case it appears that the only question raised was whether the action was brought within the time limited by the Civil Code of Porto Rico. It was brought against the succession of Teodosio Matta, consisting of his widow and children, and the District Court in which it was brought decided that it could not be maintained because not brought within the time limited by section 199 of the Civil Code, which was afterward repealed by Act of March 9, 1911.

The complainant in that case claimed, however, that under section 41 of the Code of Civil Procedure the action could be brought within one year after the issuing of letters testamentary or of administration. The Supreme Court of Porto Rico stated in its opinion, concurred in by all its members, that this last section was not applicable to a suit for filiation because the word "representatives" as used in it does not include heirs; and that the section is applicable only to suits against an estate of a deceased person to which an executor or administrator is a party. The opinion does not hold that an action of filiation must be brought against the administrator or executor of an estate.

Section 192 of the Civil Code of Porto Rico is as follows:

"The legitimation may be disputed by persons considering their rights impaired, when the legitimation be granted in favor of persons not having the lawful condition of natural children, or when the requirements prescribed in this chapter have not been met."

Section 194, which deals with actions for filiation and limits the time in which such actions may be brought to the life of the alleged parent and a year beyond his death, except in certain cases, also provides as follows: "The recognition of [such] child

\* \* \* can be disputed by whomsoever may be affected thereby."

In this case the only parties to be affected by the judgment of filiation were the other legatees in the will, who were the widow and the mother of Charles M. Boerman. Although the mother was defaulted, the widow, the complainant here, made a vigorous defense, and judgment was rendered determining the status of the complainant as a natural child.

No decision of the Supreme Court of Porto Rico has been cited, nor have we found any, which has held that, in a complaint for filiation, it is necessary to make the judicial administrator of the deceased alleged parent a party. A complaint for filiation has been frequently brought in the Porto Rican courts, and examination of reported cases discloses that, in all, the parties constituting the succession have been made defendants if the alleged father has died.

In Lucero et al. v. Heirs of Vila, 17 P. R. Rep. 141, it was held that the complaint was not defective because the executor of the will of the alleged father was not made a defendant with the heirs who constituted the succession.

The judgment of filiation is assumed to be valid, and this presumption is made stronger because both the District and the Supreme Courts of Porto Rico have concurred in it. The burden was upon the complainant to show its invalidity. This has not been done.

The decree of the District Court is affirmed, without costs in this court.