# BOERMAN v. MARRERO.

Circuit Court of Appeals, First Circuit.
June 28, 1928.

No. 2114.

1. Courts ⊜⇒406(1¼)—Only plain error will warrant overturning concurrent decisions of Porto Rican courts on mere questions of fact.

It is a general rule that only plain error will warrant the Circuit Court of Appeals in overturning the concurrent decisions of the Porto Rican courts on mere questions of fact growing out of local law.

2. Courts ⊜⇒406(2)—Extraordinary delay in settling estate, affecting rights of daughter of decedent, held to require mandate to go down in 15 days (Circuit Court of Appeals Rule 32).

Extraordinary delay for over 13 years in making final settlement of estate, during which time rights of a natural daughter of decedent were being denied, *held* to require that mandate of Circuit Court of Appeals should go down in 15 days, instead of 2 calendar months, as provided by Circuit Court of Appeals Rule 32.

Appeal from the Supreme Court of Porto Rico.

In the matter of the estate of Charles M. Boerman. From a judgment of the Supreme Court of Porto Rico, affirming an order of the district court of Ponce, approving a report of the referee auditing the accounts filed by Mrs. Charles M. Boerman, née Maria L. Fordham, administratrix, on motion of Amelia M. Marrero, administratrix appeals. Affirmed.

Herminia Tormes and Leopoldo Tormes, both of Ponce, Porto Rico, for appellant.

Jose Tous Soto and Eduardo Flores Colon, both of Ponce, Porto Rico, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an appeal from a judgment of the Supreme Court of Porto Rico, affirming an order of the District Court of Ponce, approving a report of the referee appointed to audit the accounts filed by the appellant as administratrix of the estate of her deceased husband, Charles M. Boerman. It is another aspect of the controversy already twice before this court in Fordham v. Marrero, 273 F. 61, and Boerman v. Marrero, 3 F.(2d) 241.

Boerman died on January 30, 1915, leaving a will in which he designated his wife and his mother as his heirs, in equal shares, and declared that he had no child.

By action for filiation, brought March 24, 1915, the appellee, Amelia Marrero, was, by three concurring courts (273 F. 61), adjudi-

27 F.(2d)—21

cated to be the acknowledged natural daughter of Boerman, and therefore an heir. Mendez v. Martinez, 26 Porto Rico, 87. This adjudication changed the application of the will pro tanto, under Civil Code, § 802, which provides, in effect, that an heir omitted by will shall inherit under the Code.

The appellant was appointed administratrix on June 6, 1917. Thereafter a partitioner was appointed; he made his report; it was attacked by the present appellant, but approved by both Porto Rican courts, and became final. After an accounting rendered by the appellant on the appellee's motion, the District Court appointed a referee to audit and report. The referee's lengthy and careful report, covering 170 pages of the record, was filed March 28, 1922. It was attacked by the appellant, but approved by the District Judge, and on appeal by the Supreme Court. In the clear and cogent opinion of the learned Chief Justice of the Supreme Court, writing for a unanimous court, it is pointed out that the proceedings for filiation and partition have long ago become final; that, nevertheless, the appellant still attempts "to attack all the proceedings, claiming that they are void, because she was not made a party defendant as such executrix and administratrix." This futile and unwarranted attempt is repeated in the appellant's brief in this court, apparently either from ignorance or in the hope, by prolonged and expensive litigation, of discouraging the appellee in the assertion of her adjudicated rights.

[1] The case is submitted to us, without oral argument, on a brief by the appellant only, the appellee resting her case here, as she did in the Supreme Court of Porto Rico, on the manifest impregnability of the referee's report in her favor. The ten assignments of error here may be regarded as falling into three classes: First, those attacking the prior proceedings for filiation and partition as void, too plainly untenable to call for discussion; second, those asserting that the estate must be settled in full accordance with the will, thus disregarding Civil Code, § 802, supra, also clearly untenable; third, alleged errors in minor matters of fees and disbursements, largely expenses incurred by the appellant in contesting the appellee's right to filiation. Apart from the general rule that only a plain error would warrant this court in overturning the concurrent decisions of both Porto Rican courts on mere questions of fact growing out of the local law, we may add that examination of the referee's report convinces us that he was clearly right.

[2] The extraordinary delay in making final

settlement of Boerman's estate of upwards of $100,000, and in giving to his adjudicated natural daughter the relief to which she was entitled, calls for disapproving comment, and for such present action as lies within the power of this court to prevent any further delay. As already noted, Boerman died in January, 1915, over thirteen years ago. His daughter, the appellee, moved promptly within a year to the assertion of her right to filiation. But the widow, executrix and administratrix, has, by various devices, prevented a settlement of her husband's estate, and kept the acknowledged natural daughter out of a substantial part of her rights.

Under these circumstances, affirming mandate from this court should go down in 15 days, instead of in 2 calendar months, as provided by rule 32, so that speedy action in the courts below may be taken to effect full payment, with accruing interest, of the amount due from the appellant, and generally to accomplish final settlement of this estate in accordance with the decisions already made.

The judgment of the Supreme Court of Porto Rico is affirmed, with interest and costs to the appellee.