(No. 14614.—Reversed and remanded.)

ELIZA J. STEVENS, Appellee, vs. LEONARD STEVENS,
Appellant.

*Opinion filed October 21, 1922.*

1. HUSBAND AND WIFE—*general rule as to validity of marriages contracted in other States.* The status of citizens of a State in respect to the marriage relation is fixed by the law of that State, but marriages of citizens of one State celebrated in another State and which would be valid there are generally recognized as fixing the status in the State of the domicile, except marriages contracted in disregard of the statutes of the State of the domicile and marriages which are regarded by Christian nations as incestuous or which are polygamous.

2. DIVORCE—*marriage contracted in another State in violation of section 1a of Divorce act is void.* A marriage contracted in another State in violation of section 1a of the Illinois Divorce act, which provides that where a divorce is granted for any cause mentioned in section 1 of the act neither party shall marry again within a year, is void even though the divorce is granted in a foreign State, provided the cause of divorce is included in said section 1.

3. SAME—*when desertion is willful.* While a wife's failure to follow her husband to a place where he has not provided a home for her cannot be regarded as a desertion by leaving, abandoning or forsaking her husband, yet where either party has actually left, abandoned and forsaken the other the act amounts to a desertion which is essentially voluntary, intentional and willful in nature.

4. SAME—*when a divorce will be recognized as having been granted for desertion under Illinois statute.* A divorce obtained in a foreign State on the charge that the defendant without reasonable cause deserted the complainant and continuously absented herself from him, may be considered as having been granted for the cause of desertion as defined in section 1 of the Divorce act although the word "willful" is not used, where the proof clearly establishes that the desertion was willful.

APPEAL from the Circuit Court of Wayne county; the Hon. JULIUS C. KERN, Judge, presiding.

CREIGHTON & THOMAS, for appellant.

MILLS & FORTH, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

William Stevens died intestate on July 23, 1921, at Cisne, in Wayne county. He was the owner of lots 3 and 4 in Perrine's addition to Cisne and occupied the same as a homestead. He left no child or descendant. His three brothers, Leonard, Jehu and Jefferson, and the children and a grandchild of a deceased brother, were his heirs-at-law. The appellee, Eliza J. Stevens, filed her bill in the circuit court of Wayne county praying for the assignment of homestead and dower to her as the widow of William Stevens, claiming one-half of the premises subject to homestead and dower and praying for partition accordingly between herself and the heirs-at-law. The appellant, Leonard Stevens, and a number of other heirs, answered, denying that the complainant was the widow of William Stevens and alleging that she was never legally married to him, and they filed a cross-bill making the same charge and praying for partition among the heirs-at-law. The cross-bill alleged that the appellee was formerly the wife of John Hayes, and by a decree of the chancery court for the western district, county of Clay, State of Arkansas, she was divorced from Hayes on March 7, 1912, because of her willful desertion of him for more than two years prior to bringing the suit; that on July 29, 1912, she (under the name of Eliza Jane Hill) and William Stevens, both being residents of Illinois, went to Princeton, in the county of Gibson and State of Indiana, and procured a license to marry, and then and there entered into a pretended marriage in violation of the laws of this State, and that they immediately returned to the county of Wayne and lived there under such assumed marriage relation from thence until the death of Stevens. The appellee answered the cross-bill, denying that she was divorced from Hayes in the State of Arkansas for willfully deserting and absenting herself from him for a period of more than two

years before the filing of his bill for a divorce and re-asserting that she was the surviving widow of William Stevens. The chancellor heard the evidence and entered a decree dismissing the cross-bill for want of equity, finding the appellee entitled to homestead and dower and that the heirship was as set forth in the original bill and ordering an assignment of homestead and dower, and, subject to such rights, decreeing to her one-half of the premises in fee simple and the residue to the heirs-at-law. From that decree Leonard Stevens prosecuted this appeal.

The appellee was first married to Bass Hill and after his death she was married to John Hayes. In January, 1912, Hayes filed in the chancery court, western district, Clay county, Arkansas, his complaint for divorce, alleging his marriage to the appellee; that they lived together until the first of January, 1908; that during all said time he treated the appellee with love and affection, and on the above date she without a reasonable cause deserted him and had continuously absented herself from him. Publication was made of a warning order to the appellee to answer the complaint within thirty days, and the court appointed J. S. Jordan attorney *ad litem* to defend for her as a non-resident. Depositions were taken showing that the appellee was married to Hayes on July 11, 1906; that they lived together until March, 1909; that during that period she left him several times without cause and he persuaded her to come back, until she left him finally in March, 1909, and refused to live with him any longer. The chancellor entered a decree reciting that the cause was submitted upon the complaint, the report of the attorney *ad litem* and the several depositions, and it appearing to the court that the charge of desertion and all the allegations were sustained by the proof, the court found for the plaintiff, and it was ordered and adjudged that the bonds of matrimony between the appellee and Hayes should be and were canceled and

set aside and held for naught, with further provisions relating to property rights.

The appellee testified that she was divorced from John Hayes by the court in Arkansas and had been living something near four years in Wayne county, in this State, when she contracted her marriage with William Stevens. Between July 23 and July 27, 1912, Stevens made application to the clerk of the county court of Wayne county for a license to marry the appellee under the name of E. J. Hill. He was sworn and answered interrogatories contained in the blank application, giving his age and place of residence and the age of the appellee and her place of residence, and to the question whether either of them had been divorced in the last two years he answered, "Yes; E. J. Hill." When this answer was made the clerk refused to issue a license. Stevens and the appellee then went to Princeton, Indiana, and on July 29, 1912, obtained from the clerk of the circuit court of Gibson county a marriage license, and a marriage ceremony was performed by virtue of the license by James A. Sprowl, a justice of the peace. Immediately after the marriage ceremony Stevens and the appellee returned to Wayne county and lived together as husband and wife, occupying the premises described in the bill until the death of Stevens.

The status of citizens of a State in respect to the marriage relation is fixed and determined by the law of that State, but marriages of citizens of one State celebrated in another State which would be valid there are generally recognized as fixing the status in the State of the domicile with certain exceptions, such as marriages which are incestuous according to the generally recognized belief of Christian nations, polygamous, or which are declared by positive law to have no validity in the State of the domicile. Such marriages contracted between the citizens of a State in other States in disregard of the statutes of the State of their

domicile will not be recognized in the courts of the latter State though valid where celebrated. (*Roth* v. *Roth,* 104 Ill. 35.) William Stevens and the appellee were residents of Wayne county, in this State. She had been divorced from John Hayes on March 7, 1912. A license to marry had been refused in this State and they went to Indiana, where a license was obtained and the formalities of a marriage were observed.

The question whether a marriage contract in another State in violation of section 1*a* of the Divorce act has any validity was settled in *Wilson* v. *Cook,* 256 Ill. 460, where it was held that to recognize the validity of such marriage celebrated by crossing the State line to evade the laws of this State would render legislation futile and ascribe practical imbecility to the legislature to make and enforce public policy and govern the domestic relations of its citizens, and that such a marriage is absolutely void. That such is the law is not disputed, but it is contended that the divorce of the appellee in Arkansas did not come within the prohibition of the statute, because it was not for any of the causes mentioned in section 1 of the Divorce act. Section 1*a* provides that in every case in which a divorce has been granted for any of the several causes contained in section 1 of the act neither party shall marry again within one year from the time the decree was granted, and a marriage contrary to the provisions of that section shall be held absolutely void. Among the several causes mentioned in section 1 is that either party to the marriage has willfully deserted or absented himself or herself from the other without any reasonable cause for the space of two years. The charge in the complaint filed in the court in Arkansas was that during the marriage the plaintiff had treated the defendant with love and affection, and that on the date mentioned she without a reasonable cause deserted him and had continuously absented herself from him. The word "willfully" is not used, and the argument is based upon the failure to use it. To

desert is to leave, abandon and forsake, and it is essentially voluntary, intentional and willful in nature. It is true that a wife does not desert her husband by failing to follow him to a place where he has not provided a home for her, (*Phelan* v. *Phelan,* 135 Ill. 445,) but that is not because a failure to follow him would not be intentional and willful, but because the failure would not amount to a desertion by leaving, abandoning or forsaking her husband. The charge that the plaintiff had treated the appellee with love and affection during all the time of the marriage and that she without a reasonable cause deserted him and had continuously absented herself from him was a charge of a willful act and came within the provisions of the statute. The depositions which are a part of the decree, by the established chancery practice (*Ryan* v. *Sanford,* 133 Ill. 291; *Barnes* v. *Earle,* 275 id. 381;) clearly established that the desertion was willful, and supported the finding of the decree that all the allegations of the complaint were sustained by the proofs. According to the charge in the complaint, the evidence and the finding of the decree the appellee voluntarily left her husband and withdrew from him and the marriage relation, and the divorce was for a cause mentioned in section 1. A license to marry in this State having been refused because of a divorce, the marriage celebrated in Indiana had no other purpose than evading the statute of this State, and the marriage was void.

The decree is reversed and the cause remanded, with directions to dismiss the bill for want of equity and to grant the relief prayed for in the cross-bill.

*Reversed and remanded, with directions.*