### CUMMINGS v. UNITED STATES (ALLEN and JOHNSON, Interveners).

District Court, D. Minnesota, Fourth Division.
August 8, 1929.

Henry L. Soderquist, of Cambridge, Minn., and Stinchfield, Mackall, Crounse & McNally, of Minneapolis, Minn., for plaintiff.

Lewis L. Drill, U. S. Atty., of St. Paul, Minn., and Col. J. H. Fraine, Regional Atty., U. S. Veterans' Bureau, of Minneapolis, Minn., for defendant.

Webber, George & Owen, of Winona, Minn., for interveners.

SANBORN, District Judge. This action is one at law to recover the balance of the proceeds of a policy of war-risk insurance issued on the life of Walter R. Allen, who died in the service on October 19, 1918. The plaintiff has claimed that she was his wife, and, upon that representation, the government paid to her $3,702.26 as insurance benefits and $1,459.68 as dependency compensation prior to August 5, 1924. At that time she was notified that no further payments would be made to her, on the ground that she was not legally married to the insured. The stipulation shows that the beneficiary named in the policy was "Mabel Grace Allen, Route 2, Box 27, Stratford, Wis., Wife"; that Allen had been inducted into the service September 5, 1918; that on May 8, 1918, at St. Paul, Minn., he had participated in a marriage ceremony with Mabel Grace Van Catz; that they had lived together as man and wife at Stratford, Wis., from the date of the marriage until he left on September 5, 1918, for military service; that prior to the date of this marriage ceremony Mabel G. Van Catz had been married to, and divorced from, S. C. Z. Van Catz; that she was married to Van Catz on August 16, 1910, at Wausau, Wis., and that they lived together as husband and wife at Chippewa Falls, Wis., and other places until August, 1916; that the decree of divorce was dated December 6, 1917, and was granted by the circuit court of Marathon county, Wis., on the ground of desertion; that the decree recited that it would not be effective until one year from the date of its entry; that the statutes of the state of Wisconsin then provided that a decree of divorce should not be effective until one year from the date of entry; that at the time of the marriage ceremony at St. Paul the laws of Minnesota (Gen. St. Minn. 1923, § 8564) prohibited marriage while either of the contracting parties had a husband or wife living, or within six months after either had been divorced from a former spouse.

It is conceded that Mabel Grace Cummings is the same person as Mabel Grace Allen and Mabel Grace Van Catz. On September 18, 1925—which was subsequent to the time that Mrs. Van Catz Allen Cummings had been notified that payments to her as a beneficiary under the policy had been stopped—she obtained from the circuit court of Dunn county, Wis., a decree of annulment of her marriage with Van Catz, on the ground that at the date of her marriage she was 15 years of age and that said marriage with him was never consummated.

The interveners assert that they are respectively the administrator of the estate of the insured, and his father, and sole heir and next of kin. This does not appear to be covered by the stipulation, but apparently is not in dispute.

The main question which this court is asked to decide is whether the plaintiff was the wife of the insured, as she claims.

On October 19, 1918, the War Risk Insurance Act, § 22(5), 40 Stat. 401, provided that marriages shall be proven in insurance cases to be legal marriages according to the laws of the place where the parties resided at the time of the marriage or at the time when the right to compensation or insurance accrued.

While the stipulation is not as clear on the point as it might be, it appears that Allen, the insured, and Mrs. Van Catz resided in Wisconsin at the time of their marriage. There is nothing stated which would justify the conclusion that they lived elsewhere. At the time of the marriage in St. Paul the laws of Wisconsin (Wis. Stat., Edition 1925, § 245.03, subd. 2)—of which this court takes judicial notice—provided:

"It shall not be lawful for any person,

who is a party to an action for divorce from the bonds of matrimony, in any court in this state, to marry again until one year after judgment of divorce is entered, and the marriage of any such person solemnized before the expiration of one year from the date of the entry of judgment of divorce shall be null and void."

The laws also provided (section 245.04):

"If any person residing and intending to continue to reside in this state who is disabled or prohibited from contracting marriage under the laws of this state shall go into another state or country and there contract a marriage prohibited and declared void by the laws of this state, such marriage shall be null and void for all purposes in this state with the same effect as though such prohibited marriage had been entered into in this state."

It is impossible to avoid the conclusion that Mrs. Van Catz was "a party to the action" wherein a decree was entered divorcing her from Van Catz. That being the case, under the plain language of the law she could contract no valid marriage for one year after the entry of the decree, and her marriage to Allen at St. Paul was therefore a nullity. Being a nullity, it could never become anything else. The default decree of annulment of the Van Catz marriage could not transform a void marriage into a valid one. So far as I am advised, this is the first time that the suggestion ever has been made that a man might have a posthumous wife. My opinion is that Allen's contract with the government matured at his death, and that the rights or liabilities of the government and of the person or persons to whom, under the law, the insurance was payable, then became fixed. If the plaintiff had been at that time Allen's lawful wife, she was entitled to the proceeds of the policy. If she was not then his lawful wife, she was not entitled to them. No decree of annulment of a former marriage could thereafter create a liability under his contract with the government.

I find generally that the plaintiff is entitled to take nothing by this action; that the government is entitled to judgment under its counterclaim for the amount which it has erroneously paid to the plaintiff, with interest; that, upon the death of the insured, the person who was entitled to the proceeds of the policy was the person who, under the laws of the state of Wisconsin, would have been entitled to his personal property in case of intestacy, provided such person was within the permitted class of beneficiaries designated by the War Risk Insurance Act; that, if it be admitted that Ezra Allen is the father of the insured, and his sole heir and next of kin, then said Ezra Allen is entitled to the proceeds of this policy.

Judgment may be entered in accordance with this decision.