(No. 21098.—

EVA CRISS, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SWIFT & Co., Plaintiff in Error.)

*Opinion filed February 19, 1932—Rehearing denied April 14, 1932.*

THOMAS M. COEN, and JOHN R. KITCH, (F. O. CLARK, of counsel,) for plaintiff in error.

BRUNDAGE, LANDON & HOLT, (GEORGE LANDON, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On October 13, 1928, William Criss, an employee of plaintiff in error, Swift & Co., sustained an accidental injury that arose out of and in the course of his employment and which resulted in his death on that date. Defendant in error, Eva Criss, claiming to be the widow of William Criss, filed an application for compensation with the Industrial Commission. After a hearing the arbitrator filed his decision, by which he found that defendant in error was not entitled to compensation as widow of the deceased employee because the evidence did not establish that she had been legally married to the employee in his lifetime. The decision of the arbitrator was on review confirmed by the Industrial Commission. On *certiorari* the superior court of Cook county set aside the decision of the Industrial Commission and entered an award in favor of defendant in error and against plaintiff in error for $10.73 per week for 349 weeks and thereafter $5.23 for one week. This court has granted a writ of error for a review of the record.

The sole question presented for decision is whether defendant in error is the widow of the deceased employee,

William Criss. There is no dispute about the facts, and they are as follows: Defendant in error was married on July 12, 1906, in Mobile, Alabama, to William C. Jones, and they lived together as man and wife until August 23, 1908, when they separated. Thereafter defendant in error did not see Jones until some time in 1910, when she met him at a funeral in Mobile. After that time she never saw or heard of him. On November 5, 1919, a decree of divorce from Jones was obtained by defendant in error in the circuit court of Mobile county, Alabama. On November 27, 1919, defendant in error married William Criss, the deceased employee, in Chicago, and they thereafter lived together as man and wife in Chicago until his death. There were no children born of the marriage.

The decree of divorce entered in the Alabama court, so far as it need be noticed in this opinion, is as follows: "This cause is submitted for decree on the pleadings, decree *pro confesso* and the testimony, as shown by the note of submission on file, and on consideration it is ordered, adjudged and decreed by the court that the complainant is entitled to relief, and that the bonds of matrimony heretofore existing between the complainant and the defendant be and the same are henceforth dissolved and annulled. The defendant in this case not having been personally served, this decree is subject to the provisions of sections 3170 and 3171 of the code of Alabama of 1907 and does not become absolute except as provided by said law. It is further ordered and decreed that the complainant, Eva H. Jones, be and hereby is permitted to again contract marriage, subject to the above mentioned sections of the code and such other provisions of the law as regulate the marriage of divorced persons, but in no event before the expiration of sixty days after the rendition of this decree."

Sections 3170, 3171 and 3811 of the code of Alabama were introduced in evidence. Section 3170 reads as follows: "A decree made against a defendant without per-

sonal service, who does not appear, is not absolute for twelve months from the rendition thereof except as otherwise in this article provided; and in such case the court must direct copy of the decree to be sent to such defendant, or in case of infants or persons of unsound mind, to their guardian, if their residence can be ascertained."

Section 3171 reads as follows: "Such defendant may file a petition showing sufficient cause for setting aside such decree and permitting him to defend the suit on the merits at any time within such twelve months, unless he has been served with a copy of such decree, when such petition must be filed within six months from such service. If parties have been dismissed, notice of such petition shall be given those in interest. Upon hearing of such petition, the chancellor has full power to open the decree and proceed with the cause as if no decree had been rendered therein."

Section 3811 is as follows: "When a decree has been rendered granting a divorce in this State, the court shall decree that neither party shall again marry, except to each other, until sixty days after decree is rendered; and that if an appeal is taken within sixty days, neither party shall again marry except to each other, during the pendency of said appeal."

The marriage of defendant in error and the deceased employee was entered into in Chicago within sixty days after the decree of divorce was entered in Alabama. It is conceded by plaintiff in error that this marriage was contracted in good faith. After such marriage the parties thereto resided in this State continuously until the death of Criss. At the time the marriage was contracted, section 1a of the Divorce act of this State (Laws of 1905, p. 194,) was in force, and said section provided that "in every case in which a divorce has been granted for any of the several causes contained in section 1 of said act, neither party shall marry again within one year from the time the decree was

granted." There is no showing in this case that the divorce in Alabama was granted for any one of the causes mentioned in section 1 of our Divorce act. In fact, the record does not show for what cause the divorce in Alabama was granted. The presumption is in favor of the validity of the marriage. (*Barber* v. *People,* 203 Ill. 543; *Cartwright* v. *McGown,* 121 id. 388.) Section 1*a* of the Divorce act had no application to a marriage celebrated within one year after a divorce in another State which was obtained for a cause not mentioned in section 1 of the Divorce act. (*Powell* v. *Powell,* 282 Ill. 357.) Therefore, on the record in this case it must be held that the marriage was not prohibited by section 1*a*. That section was repealed in 1923, (Laws of 1923, p. 327,) and by the act which repealed it marriages that had been contracted in violation of that section, if otherwise legal, were declared to be valid. Since, as we have pointed out, the marriage of defendant in error and Criss was not shown to have been contracted in violation of section 1*a* the marriage was not within the terms of the validating act of 1923, and, if void, was not validated by that act.

By the Alabama decree of divorce the bonds of matrimony between defendant in error and Jones were decreed to be dissolved and annulled. The decree provided, in accordance with the provisions of section 3811 of the code of Alabama of 1907, that defendant in error should not contract marriage within sixty days from the date of the decree. Plaintiff in error contends that since the marriage of defendant in error and Criss was contracted within sixty days after the decree of divorce in Alabama it was invalid and void. Whether or not this contention is correct depends upon whether the prohibition of the Alabama law against the re-marriage of defendant in error within sixty days from the date of the decree has extra-territorial effect and operated to prohibit a marriage outside the State of Alabama. Unless the statute was clearly intended to ap-

ply to marriages contracted outside the State of Alabama the statute must be construed to apply only to marriages within that State. (*Wilson* v. *Cook*, 256 Ill. 460.) By the weight of authority in this country, statutes prohibiting the re-marriage of a divorced person for a period after the divorce have no extra-territorial effect unless by express terms or necessary implication such effect must be given them and they do not operate to prohibit re-marriage in another State. (*Commonwealth* v. *Lane*, 113 Mass. 458; *VanVoorhis* v. *Brintnall*, 86 N. Y. 18; *State* v. *Shattuck*, 69 Vt. 403; *Dudley* v. *Dudley*, 151 Iowa, 142, 130 N. W. 785; *Griswold* v. *Griswold*, 23 Col. App. 365, 129 Pac. 560; *People* v. *Woodley*, 22 Cal. App. 674, 136 Pac. 312; 19 Corpus Juris, 183.) The statute of Alabama simply provides that a decree of divorce shall provide that neither party shall within sixty days again marry except to each other. There is no express provision that any marriage contracted in violation of such provision should be void, and there are no express terms of the statute and no necessary implication from the words used that lead to the conclusion that it was intended that the provision against re-marriage shall have the effect of making the parties to the divorce decree incapacitated from contracting a valid marriage outside the State of Alabama. It must therefore be held that the provision of the decree of divorce that defendant in error should not marry within sixty days had no effect to prohibit her marriage within that time in this State.

The decree of divorce also provided that since the defendant had not been personally served it was subject to the provisions of sections 3170 and 3171 of the code of Alabama and did not become absolute except as provided by said law. We have set out these sections of the Alabama code, and by them a defendant who has not been personally served is given the right, within twelve months, to file a petition, and on making proper showing have a hearing on any meritorious defense that he may be able to interpose

to the bill of the complainant. The effect of these sections of the code is not to make the decree of divorce inoperative for a year but is simply to make the decree subject to the contingency of being set aside within a certain time. The decree purported to dissolve and annul the bonds of matrimony between defendant in error and Jones at the time it was entered. It was a final decree of divorce, subject to being set aside because obtained on constructive service. There is absolutely no showing that it was ever opened up or that the defendant ever took any steps to attempt to set it aside. In *Griswold* v. *Griswold, supra,* a divorce had been granted in Colorado, where the statute provided that "the court shall have the power to set aside such decree and re-open such case at any time within one year from the date of entering such decree upon application of the defeated party under oath showing good reason therefor, * * * and during said period of one year from the granting of a decree of divorce, neither party thereto shall be permitted to re-marry any other person." Within one year after obtaining the divorce in Colorado the woman married a man, not her former husband, in New Mexico. The Colorado court held the marriage valid. The fact that the Alabama decree of divorce was subject to being opened up and possibly set aside does not make it inoperative as a decree of divorce during the period in which the defendant had a right to file his petition to have it opened up. By neither the terms of the statute nor of the decree was the operation of the decree as a dissolution of the marriage suspended for either sixty days or one year or any other period after the entry of the decree. It follows that defendant in error was not incapacitated to contract the marriage with Criss in Chicago at the time such marriage was contracted.

Plaintiff in error cites and relies upon *Mosholder* v. *Industrial Com.* 329 Ill. 497. In that case the marriage in this State of a man whose former wife had obtained a

decree of divorce from him in Wisconsin within a year prior to such marriage was held to be void. The decree of divorce obtained in Wisconsin contained a provision that "this judgment, so far as it determines status of the parties, shall not be effective, except for the purpose of an appeal to review the same, until the expiration of one year from the date of the entry of the same." In that case it was held that the Wisconsin decree did not operate as a dissolution of the marriage of the parties until a year had expired from the date of its entry. As we have pointed out, the effectiveness of the decree of divorce obtained by defendant in error in Alabama as a dissolution of her marriage was not by either the decree or the statutory law of Alabama suspended for either sixty days or one year or any other period of time but purported to be a decree of divorce *in præsenti.* This case is therefore clearly to be distinguished from the *Mosholder case.*

Under the evidence in this case the marriage of defendant in error to William Criss in Chicago must be held to be a valid marriage.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*