HESS v. HESS.

No. 32524.   Jan. 21, 1947.

*176 P. 2d 804.*

Hall & Cotten and A. R. Thompson, all of Oklahoma City, for plaintiff in error.

Mike Foster, of Oklahoma City, for defendant in error.

PER CURIAM. On the 7th day of September, 1945, plaintiff, Minnie Ida Hess, filed an action against the defendant, George W. Hess, seeking a divorce on the ground of extreme cruelty. On issues joined, judgment was rendered for plaintiff granting the divorce and alimony of $1,500, payable $50 per month, and attorney's fees.

To reverse this judgment defendant has appealed and raises the single issue that the marriage being voidable, the trial court had only jurisdiction to annul the marriage, and was therefore with-

out authority to grant alimony. The record discloses that both parties had been previously married. Plaintiff obtained a divorce from her former husband in October, 1944, and defendant obtained a divorce from his former wife on January 30, 1945. Plaintiff and defendant were married in Dallas, Tex., February 5, 1945, and established a home in Capitol Hill, Oklahoma City, where they lived together until on or about the 1st day of September, 1945, when plaintiff left the defendant, and on the 7th day of September thereafter filed this action.

Defendant cites in support of his contention Whitebird v. Luckey, 180 Okla. 1, 67 P. 2d 775, and Whitney v. Whitney, 192 Okla. 174, 134 P. 2d 357. This court held in Whitebird v. Luckey, supra, that alimony could not be granted where there has been an annulment because the marriage was prior to the six-month period following the granting of a divorce, and cited with approval Plummer v. Davis, 169 Okla. 374, 36 P. 2d 938. In Plummer v. Davis, supra, it is said:

"In Mantz v. Gill, 147 Okla. 199, 296 P. 441, this court said: 'Where a second marriage is entered into in good faith, and the parties continue to cohabit without change during and beyond the statutory six months' period of impediment, this relationship ripens into a common-law marriage. Such marriage is recognized as valid in this state by our court. Andrews v. Hooper, 138 Okla. 104, 280 P. 424; Mudd v. Perry, 108 Okla. 168, 235 P. 479; Fisher v. Fisher, 116 Okla. 129, 243 P. 730, and a surviving husband of a common-law marriage has the right to appear and contest the will of the deceased wife.' See, also, Andrews v. Hooper, 138 Okla. 104, 280 P. 424; State of Minn. v. Yoder, 113 Minn. 503, 130 N. W. 10, L.R.A. 1916C, 686."

Mantz v. Gill, supra, has been cited with approval in Dicke v. Cully, 189 Okla. 419, 117 P. 2d 126, and Branson v. Branson, 190 Okla. 347, 123 P. 2d 643. Since the plaintiff and defendant lived together as man and wife after the six months' period following the granting of divorce January 30, 1945, and continued to live together until September, 1945, when plaintiff finally left the defendant, we hold that the finding of the trial court that plaintiff and defendant were husband and wife is sustained by the evidence.

The defendant points to language used in Whitebird v. Luckey, supra, and insists that the use of the term "good faith" implies that the parties must be innocent of any knowledge of a violation of the law forbidding marriage within the six months' period following the divorce. In Branson v. Branson, supra, the parties had full knowledge of the statutory prohibition. See, also, in this connection McVicker v. McVicker, 130 F. 2d 837, and Thomas v. Murphy, 107 F. 2d 268.

In a reply brief the defendant argues that in citing the rule announced in Mantz v. Gill, supra, the plaintiff has raised a new issue not presented at the trial. The defendant in his answer alleged that he and plaintiff were not married and the court decided the issue of marriage. The method of argument as to how they were married is immaterial and the fact that plaintiff cites for the first time in this court the rule announced in Mantz v. Gill, supra, does not raise a new issue, and the contention that it does is without substantial merit.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.