248 P.2d 863

**HACK v. INDUSTRIAL COMMISSION et al.**

No. 5638.

Supreme Court of Arizona.

Oct. 6, 1952.

Wade Church, of Phoenix, for petitioner.

H. S. McCluskey, of Phoenix (Robert E. Yount and Robert W. Pickrell, Phoenix, of counsel), for respondent Industrial Commission.

STANFORD, Justice.

This is a review by certiorari of an award of the Industrial Commission of Arizona denying petitioner Dorothy G. Hack death benefits for the demise of Clyde E. Hack. The decedent admittedly sustained fatal injuries arising out of and in the course of his employment on the 8th day of July, 1951. On said date and prior thereto decedent was employed by the Lazy 8 Flying Service, Inc., said employer being insured under a policy issued by the Industrial Commission of Arizona, respondent herein. Dorothy G. Hack, hereinafter referred to as petitioner, made claim for death benefits as the widow of the deceased. The respondent commission denied compensation on the ground that peti-

tioner was not in contemplation of law "his widow". By stipulation of counsel, this review is limited and confined to the Commission's finding No. 8 contained in the award of January 23, 1952, holding invalid the marriage purportedly existing between the decedent and the petitioner at the time of said injury.

Prior to the year, 1948, decedent Hack was married to one Shirley (Hack) Combs, and on the 7th day of August, 1948, there was filed in the Circuit Court of Marathon County, State of Wisconsin, in the case of Shirley Hack v. Clyde Hack, an interlocutory judgment and decree of divorce, containing the following provisions:

"It is adjudged that the bonds of matrimony heretofore existing between the plaintiff, Shirley Hack, and the defendant, Clyde Hack, be and the same are wholly dissolved, and the parties thereto forever freed from the obligations thereof, provided further that this judgment so far as it affects the status of the parties shall not be effective until the expiration of one (1) year from this date, excepting that it immediately bars the parties hereto from cohabiting and that it may be reviewed on appeal in said period, and excepting that in case either of the parties to this action shall die within said year this judgment shall take effect in every particular immediately before such death, and if an appeal be pending at the expiration of said year,

then, subject to the foregoing exceptions, this judgment as to said status shall remain ineffective until said appeal be determined."

On August 14, 1948, five days after the Wisconsin judgment was filed, decedent and petitioner, who were then both residents of San Diego, California, obtained a marriage license from the clerk of the superior court of Yuma, Arizona; and on the same date, R. H. Lutes, justice of the peace at Yuma, Arizona, performed a marriage ceremony for the parties pursuant to the said license. Thereafter, they lived and cohabited together as husband and wife in California and Arizona until the death of deceased.

The question presented for our determination is whether the petitioner is the lawful widow of decedent?

Petitioner contends that her marriage to the decedent was valid in all respects under the statutory requirements of the state of Arizona concerning marriage ceremonies. In order to determine whether decedent had the capacity to enter into the marriage ceremony with petitioner, we must look to the laws of Wisconsin to ascertain the status of decedent as of the date of the Arizona marriage. The divorce decree handed down by the court in Wisconsin expressly provided that the judgment was not to be effective for a period of one year as concerned the status of the parties thereto. Nothing could be

clearer than that the decedent was still legally married to Shirley Hack on the date of his marriage to the petitioner. In the case of State v. Grengs, 253 Wis. 248, 33 N.W.2d 248, 250, the Wisconsin court said:

"* * * At the time of the purported marriage between Gordon Grengs and Clara Stoltz in Iowa on July 14, 1947, she was in contemplation of law still married to Paul Stoltz, because it was then still within a year of the time when the judgment of divorce was entered in county court for Polk county in the action between Clara Stoltz and Paul Stoltz on May 15, 1947. Under and by reason of the express provision therein—*That this judgment of divorce insofar as it affects the status of the parties shall not become effective until the expiration of one year from May 15, 1947, being the date of entry hereof*,—(emphasis supplied) there was no absolute divorce when the judgment was entered on May 15, 1947.

* * * * * *

"* * * Under such provisions in sec. 247.37, subds. (1), (3) and (4), and the above stated provision in the judgment in question entered on May 15, 1947, if an attempted remarriage takes place before the specified time has elapsed, neither of the parties to the action of divorce ceases to be married to the other until the elapse of that time. Until then neither of said parties can marry again and an attempted marriage prior thereto is invalid everywhere.

* * * * * *

"* * * The resulting legal situation which arises when one of the parties to a divorce judgment, which severs the marriage bond immediately upon entry of the judgment, goes into another state and there remarries contrary to the provisions of a statute of the state granting the divorce, which merely prohibits remarriage within a specified time, is materially different from the legal situation and consequences in such a case as is presently involved herein, which arises under such provisions in statutes and in judgments which we have in Wisconsin (as stated above), and under which the divorce judgment when entered does not then completely sever the marital relationship; but provides instead that the marriage status is not fully terminated until the expiration of a specified time in the future."

This court has said:

"* * * where a divorce is obtained in a foreign jurisdiction, with personal service within that jurisdiction upon the defendant, or an appearance by him, and the proceedings in the foreign court are in accordance with the law of the foreign jurisdiction [the state of Arizona], will recog-

nize such divorce as valid for all purposes." In re Estate of Nolan, 56 Ariz. 361, 108 P.2d 388, 390.

Petitioner relies strongly in her brief on the case of Horton v. Horton, 22 Ariz. 490, 198 P. 1105. However, that case is readily distinguishable from the present case. In the Horton case this court held that a marriage in violation of section 3864, Revised Statutes of Arizona, 1913, as amended by chapter 54, Session Laws of 1917, now designated section 27–807, A.C.A.1939, which was consummated in New Mexico was valid, because our statute did not expressly provide that such a marriage was void. The law in force where the divorce was granted (Wisconsin) contained a provision to the effect that the status of the parties to the divorce action in Wisconsin should remain unchanged for a period of one year after the filing of the judgment. In other words they were *still married* until one year elapsed. In the Horton case the only barrier to a marriage subsequent to the divorce decree was an Arizona statute to the effect that neither party should marry for a period of one year. There was no provision in our statute for a penalty for violation thereof, nor did the statute expressly provide that such a marriage would be null and void.

Award denying compensation, affirmed.

UDALL, C. J., and PRELPS, DE CONCINI. and LA PRADE, JJ., concurring.