Vincent E. JAY, Appellant,

v.

Lena JAY, Appellee.

No. 3724.

District of Columbia Court of Appeals.

Argued July 6, 1965.

Decided July 21, 1965.

Walter W. Johnson, Jr., Washington, D. C., for appellant.

Andrew P. Zimmer, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Following trial, a judgment was entered on May 27, 1964, granting appellant husband an absolute divorce from appellee wife on the ground of her adulterous relationship with a known co-respondent. Custody of a minor child (about nine years of age) was awarded to the wife, together with maintenance and support for the child, but, as a condition of such custody, it was provided that appellee was "not to allow [co-respondent] in her living quarters, nor [was she] to visit the living quarters of [co-respondent]," and should she violate these conditions she would forfeit her right to custody. Two months later, and before the divorce had become final and effective,[1] appellee and the co-respondent went through a ceremony of marriage in Maryland and commenced to live together as wife and husband. On August 18, 1964, appellant moved to amend the divorce decree by transferring custody of the minor child to him because of appellee's disobedience of the court order. On January 25, 1965, after holding that appellee's Maryland marriage was merely voidable, the trial judge overruled the motion to modify the custody award and reaffirmed the award of custody to appellee. This appeal followed.

■ 16 D.C.Code, 1961 § 920 (Supp. IV 1965) imposes no personal prohibition or restriction against marriage by either party to a divorce but declares that no divorce decree "shall be absolute and take effect until the expiration of six months after its date." By reason of the statute, the decree before us is provisional and did not become final and complete to terminate the marriage until after six months from the date of issuance. Neither party ceased to be married and neither could be wed during that period as such marriage would be bigamous. Oliver v. Oliver, 87 U.S.App.D.C. 334, 185 F.2d 429 (1950). See also, Dillard v. Dillard, 107 U.S.App.D.C. 214, 218, 275 F.2d 878, 882 (1960).

■ As appellee and the co-respondent went through a ceremonial marriage in Maryland, the substantive law of that state governs the validity of that marriage. Loughran v. Loughran, 292 U.S. 216, 54 S.Ct. 684, 78 L.Ed. 1219 (1934); Riedl v. Riedl, D.C.Mun.App., 153 A.2d 639 (1959). Under Maryland law, a second marriage contracted while a first marriage exists, undissolved by either death or by a valid divorce decree, is a nullity without the issuance of any judicial decree declaring it void. Townsend v. Morgan, 192 Md. 168, 63 A.2d 743 (1949), cited in Lee v. Lee, D.C. App., 201 A.2d 873, 875 (1964).[2]

■ In the present case, appellee's marriage to appellant was not finally terminated at the time of her attempted marriage to the co-respondent in Maryland and therefore it was not merely voidable but void *ab inito*. The trial judge appears to have based his decision in part upon an erroneous conception of the applicable law and therefore his decision must be reversed and the case remanded for reconsideration of the same question from the standpoint of the correct law governing the second marriage of appellee. We do not indicate what that determination should be as the question of any change or modification of custody is a factual issue, the outcome of which depends upon whether there has been a change of circumstances since the original custody

---

1. 16 D.C.Code, 1961 § 920 (Supp. IV 1965).

2. See also, Morse v. Morse, D.C.App., 200 A.2d 375 (1964).

award which requires a new award in the light of the best interest of the minor child here involved Britt v. Britt, D.C.Mun.App., 153 A.2d 644 (1959); Cook v. Cook, 77 U.S. App.D.C. 388, 135 F.2d 945 (1943).

As reversal has been determined necessary on the question of custody alone, we find no grounds for consideration of other alleged errors argued by appellant.

After appeal had been noted, the wife gave physical custody of the minor child to the father and thereafter, upon his motion and without objection by the mother, we granted a temporary change of custody to him. We direct that this award of custody shall continue until final disposition of the custody issue by the trial court after remand.

Reversed and remanded for further proceedings consistent with this opinion.