**Donald D. WASSON, Petitioner,**

v.

**The Honorable Edwin D. CARDEN, Judge of the Twelfth Judicial District, Respondent.**

**No. 53504.**

Supreme Court of Oklahoma.

May 15, 1979.

Logan, Lowry & Johnston by David K. Robertson, Vinita, for petitioner.

C. Michael Zacharias, Claremore, for respondent.

HODGES, Justice.

This is an application to assume original jurisdiction and a petition for a writ of prohibition to prohibit the trial court from continuing further in contempt proceedings. Petitioner, Donald D. Wasson, was divorced September 13, 1978. He remarried outside the state of Oklahoma on November 23, 1978, and returned to Oklahoma. Petitioner's former wife filed an application for contempt citation alleging that he had violated the terms of the decree of divorce which contained a prohibition against remarriage.[1] It is provided by 12 O.S.1971 § 1280 that it is unlawful for a former husband to marry a person in this state other than the divorced spouse within six months from the date of decree of divorce, or to cohabit with another person in this state during the six month period if the

---

1. The decree of divorce contained a standard clause providing as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Sally M. Wasson and Donald D. Wasson, the parties herein be, and they are hereby awarded an absolute decree of divorce each from the other, and the bonds of matrimony heretofore existed between said parties are hereby dissolved, set aside and held for naught, and both parties are released therefrom; PROVIDED that this part of the decree does not become absolute and final until six months from the date hereof during which time the parties are enjoined from marrying any other party."

marriage took place in another state. Violation of the statute is a felony.[2]

■ The question presented is whether the prohibition in the decree of divorce against remarriage lays a proper predicate for contempt. The general rule is that where a statute automatically denies the right to remarry within a stated period, the divorce decree need not include a recitation embodying such denial. In some states, the statute empowers the court to restrict remarriage by provision in the decree of divorce. The Oklahoma statute automatically denies the right to remarry within the six month period. In *Nystrom v. District Court, 244 Iowa 735, 58 N.W.2d 40, 43 (1953)* the Iowa Supreme Court held that the addition to a divorce decree of an injunction against remarriage was not, under the Iowa statute [which is similar to Oklahoma], the exercise of a power of binding decision. The court held that even if the prohibition against remarriage were authorized, the only purpose it could serve would be to create an additional penalty to compel obedience to a statute which prescribes its own sanction. The court said that however desirable such a result might be it was unauthorized by the statute.

A similar question was considered in *Ex Parte Castro, 115 Tex. 77, 273 S.W. 795 (1925)* where the Texas Supreme Court determined that contempt did not properly lie where one of the parties had married in violation of the decree.[3] The Texas court reasoned that the statute simply forbade the second marriage within a year's time under certain circumstances without declaring it void, and without authorizing the district court to insert any injunctive relief. The court determined, because the language of the statute was sufficient only to make a marriage in violation of it voidable, it was obvious that the statute did not authorize the court to secure obedience to it by the insertion of an injunctive order. The court held that statutes of this character do not authorize the trial judge to insert an injunctive order in the decree, and that the violation of such an order improperly placed in the judgment does not render the party liable for contempt.

■ Oklahoma has consistently held, in *Greenwood v. Greenwood, 387 P.2d 615 (Okl.1963)*, and in *Plummer v. Davis, 169 Okl. 374, 36 P.2d 938 (1934)* that remarriage by a divorced person within six months from the date of the divorce is voidable, but not void. It has also been determined in Oklahoma that, even though a marriage is improperly entered into in violation of the statute, it may ripen into a valid marriage at the end of the prohibitory period. In *Dowell v. Welch, 574 P.2d 1089, 1091 (Okl. App.1978)* the Court of Appeals found that: the legitimacy of a martial relationship is perishable during the prohibitory period; the ultimate result is not altered where the parties continue living together after the nuptial inhibition is removed; and the adulterous concubinage ripens into a valid common law marriage. The petitioner's divorce was granted September 13, 1978. The petitioner remarried November 23, 1978. The marriage has ripened into a valid common law marriage.

2. It is provided by 12 O.S.1971 § 1280 in pertinent part:

"It shall be unlawful for either party to an action for divorce whose former husband or wife is living to marry in this state a person other than the divorced spouse within six (6) months from date of decree of divorce granted in this state, or to cohabit with such other person in this state during said period if the marriage took place in another state; . . . Any person violating the provisions of this section by such marriage shall be deemed guilty of bigamy. Any person violating the provisions of this section by such cohabitation shall be deemed guilty of adultery . . ."

3. The decree provided:

" 'It is further ordered that neither party be permitted to marry within a year from this date, except to each other.' "
The Tex.Rev.Civ.Stat.Supp.1922, art. 4632 contained this provision:
"and provided, further, that neither party to a divorce suit, wherein a divorce is granted upon the ground of cruel treatment, shall marry any other person for a period of twelve (12) months next after such divorce is granted, but the parties so divorced may marry each other at any time."

██ It appears that the trial court exceeded its jurisdiction. The marriage was not void, but voidable, and because the statute provided for the prohibition against remarriage, it need not have been in the decree and, even if it were in the decree, it is not the type of action for which contempt properly lies.

Prior to the 1969 amendment of 12 O.S. 1961 § 1282,[4] the statute required every decree of divorce to recite that the decree did not become absolute and take effect until the expiration of six months. Following the amendment, Laws 1969 Ch. 321 § 1, the statute mandated only that the day and date that judgment was entered be contained in the decree.

██ The decree in question has attempted to prohibit the commission of a crime. The statute clearly delineates that violation thereof is a criminal act, either bigamy or adultery. Generally, a court of equity has no jurisdiction over prosecution and punishment of crimes, and ordinarily it will not restrain or relieve against criminal proceedings.[5] The proper remedy is to initiate criminal prosecution for bigamy. In *Seay v. Howell, 311 P.2d 207, 208 (Okl.1957)* we held that an act not defined by statute as an indirect contempt of court, but defined as a crime by statute, is punishable under the criminal code, and not as an indirect criminal contempt.

██ The prohibitory provision in the decree is not contemplated by statute, and if it is inserted, it is surplusage because it can add nothing to the statutory mandate. The conclusion logically follows that while the remarriage outside the state may be a violation of the statute, it is not a contempt of court. A court of equity may not, in the absence of statutory authority, by an injunctive provision in a divorce decree, lay the foundation for a contempt proceeding to punish for a felony committed by violation of a statutory ban against remarriage.[6]

ORIGINAL JURISDICTION ASSUMED. WRIT OF PROHIBITION GRANTED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN and OPALA, JJ., concurring.

HARGRAVE, J., concurring in result.

4. It is provided by 12 O.S.1961 § 1282:
   "Every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time, or as provided in case of appeal.
   The 1969 amendment, Laws 1969 Ch. 321 § 1, 12 O.S.1971 § 1282 provides:
   "Every decree of divorce shall recite the day and date when the judgment was rendered. If an appeal be taken from a judgment granting or denying a divorce, that part of the judgment does not become final and take effect until the appeal is determined. If an appeal be taken from any part of a judgment in a divorce action except the granting of the divorce, the divorce shall be final and take effect from the date the decree of divorce is rendered, provided neither party thereto may marry another person until six (6) months after the date the decree of divorce is rendered; that part of the judgment appealed shall not become final and take effect until the appeal be determined.

5. *Schmoldt v. Oakley, 390 P.2d 882, 883 (Okl. 1964).*

6. *Nystrom v. District Court, 244 Iowa 735, 58 N.W.2d 40, 43 (1953).*