Etzell H. **COPELAND**, Appellant,

v.

**Dora "Dot" STONE a/k/a Dora Copeland, Appellee.**

No. 74166.

Supreme Court of Oklahoma.

Nov. 24, 1992.

**KAUGER, Justice:**

The issue presented is whether, pursuant to 12 O.S.1981 § 1280,[1] a marriage contracted in another state in violation of the statute's six-month prohibition against remarriage is valid in Oklahoma. Because 12 O.S.1981 § 1280 prohibits only those marriages celebrated within Oklahoma during the six-month period following a divorce, we find that a marriage conducted in another state during the statute's six-month prohibition against remarriage is valid.

## FACTS

The appellant, Etzell H. Copeland (Copeland/husband), obtained a divorce from his first wife on December 10, 1986. On January 5, 1987, Copeland and the appellee, Dora "Dot" Stone (Stone/wife), were married in Nevada. The couple stayed three days in Nevada before returning to live together in Oklahoma for approximately three weeks. Copeland and Stone did not live together at any time after January, 1987; and no children were born of the marriage. On June 10, 1987, the six-month prohibition against remarriage imposed by 12 O.S.1981 § 1280[2] expired. Copeland married a third woman on July 22, 1987.

On March 28, 1988, Copeland filed for divorce naming Stone as defendant. The trial court conducted a hearing on August 18, 1989, to determine the validity of the Nevada marriage in Oklahoma. Finding that the couple did not cohabit beyond the six-month prohibitory period imposed by 12 O.S.1981 § 1280, the trial court found that the union had not ripened into a common law marriage and that it was void. The Court of Appeals affirmed. We granted certiorari on July 9, 1992, to reexamine our

---

1. Title 12 O.S.1981 § 1280 provides:

   **"Remarriage and cohabitation—Appeal from judgment**
   It shall be unlawful for either party to an action for divorce whose former husband or wife is living to marry in this state a person other than the divorced spouse within six (6) months from date of decree of divorce granted in this state, or to cohabit with such other person in this state during said period if the marriage took place in another state; and if an appeal be commenced from said decree, it shall be unlawful for either party to such cause to marry any other person and cohabit with such person in this state until the expiration of thirty (30) days from the date on which final judgment shall be rendered pursuant to such appeal. Any person violating the provisions of this section by such marriage shall be deemed guilty of bigamy. Any person violating the provisions of this section by such cohabitation shall be deemed guilty of adultery.
   An appeal from a judgment granting or denying a divorce shall be made in the same manner as in any other civil case."
   Section 1280 was renumbered effective November 1, 1989, and now appears at 43 O.S.1991 § 123. Section 123 is identical to its 1981 counterpart.

2. Id.

prior jurisprudence[3] and to consider a single issue[4]—whether, pursuant to 12 O.S. 1981 § 1280, a marriage contracted in another state in violation of the statute's six-month prohibition against remarriage is valid in Oklahoma.

BECAUSE 12 O.S.1981 § 1280 PROHIBITS ONLY THOSE MARRIAGES CELEBRATED WITHIN OKLAHOMA DURING THE SIX–MONTH PERIOD FOLLOWING A DIVORCE, A MARRIAGE CONDUCTED IN ANOTHER STATE DURING THE STATUTE'S SIX-MONTH PROHIBITION AGAINST REMARRIAGE IS VALID IN OKLAHOMA.

■ Copeland asserts that his Nevada marriage is valid. He insists that the clear language of 12 O.S.1981 § 1280[5] prohibits only those marriages contracted in Oklahoma within six months of a divorce. Stone argues that because she and Copeland did not cohabit beyond the period of impediment imposed by § 1280, the marriage is void. She finds support in our prior jurisprudence.[6]

■ The determination of legislative intent controls statutory interpretation.[7]

However, it is unnecessary to apply rules of statutory construction if the legislative will is clearly expressed.[8] Title 12 O.S.1981 § 1280 provides that it is unlawful for either party to a divorce whose spouse is living to "... marry **in this state** a person other than the divorced spouse within six (6) months from date of decree of divorce granted in this state, or to cohabit with such other person in this state during said period if the marriage took place in another state ...". *The express language of the statute prohibits only those marriages celebrated in Oklahoma within six months following a divorce.* Additionally, the statute addresses the situation presented here—marriage outside Oklahoma. It provides that it is unlawful for the couple to reside together during the six-month prohibitory period. However, it does not restrict out-of-state marriages. Parties entering into such marriages are subject to a charge of adultery if they return to Oklahoma to reside during the six-month period following divorce.[9]

■ This Court may not, through the use of statutory construction, change, modify or amend the expressed intent of the

3. *Wasson v. Carden,* 594 P.2d 1223, 1225 (Okla.1979); *Hess v. Hess,* 198 Okl. 130, 176 P.2d 804, 804–05 (1947); *Branson v. Branson,* 190 Okl. 347, 123 P.2d 643, 645 (1942); *Mantz v. Gill,* 147 Okl. 199, 296 P. 441, 444 (1931); *Mudd v. Perry,* 108 Okl. 168, 235 P. 479, 484 (1925); *Estate of Rodgers,* 569 P.2d 536, 539 (Okla.App.1977).

4. Stone presents two other propositions. First, she relies on *Norton v. Coffield,* 357 P.2d 434, 438–39 (Okla.1960) for the proposition that Copeland's marriage to Stone is not valid because his subsequent marriage is entitled to a presumption of validity. Stone's reliance on *Norton* is misplaced. In *Norton,* a prior spouse, in an attempt to share in her husband's estate, sought to establish that she and her deceased-husband had never been divorced. Under those circumstances, this Court found that a third marriage spanning thirty-three years and of which six children were born was entitled to a presumption of validity. Here, it is conceded that Copeland and Stone were married in Nevada on January 5, 1987. If the marriage is valid, this concession is sufficient to overcome the presumption of the validity of Copeland's third marriage. Second, Stone argues that there is no authority to adjust property rights between par-

ties if no valid marital relationship exists. The issue of property division between Copeland and Stone has been stayed. The trial court specifically limited its ruling to the validity of the marriage. An issue not determined by the trial court will not be decided on appeal. *Chilton v. Chilton,* 207 Okl. 647, 252 P.2d 121, 123 (1953); *Phelps v. Asplund,* 184 Okl. 310, 87 P.2d 134, 134–35 (1939).

5. Title 12 O.S.1981 § 1280, see note 1, supra.

6. *Wasson v. Carden,* see note 3, supra; *Hess v. Hess,* see note 3, supra; *Branson v. Branson,* see note 3, supra; *Mantz v. Gill,* see note 3, supra; *Mudd v. Perry,* see note 3, supra; *Estate of Rodgers,* see note 3, supra.

7. *Fuller v. Odom,* 741 P.2d 449, 452 (Okla.1987); *Matter of Phillips Petroleum Co.,* 652 P.2d 283, 285 (Okla.1982); *Becknell v. State Indus. Court,* 512 P.2d 1180, 1183 (Okla.1973).

8. *Fuller v. Odom,* see note 7, supra; *Duesterhaus v. City of Edmond,* 634 P.2d 720, 722 (Okla.1981).

9. Title 12 O.S.1981 § 1280, see note 1, supra.

Legislature.[10] Pursuant to 12 O.S.1981 § 1280, the Oklahoma Legislature has restricted remarriage within the six-month prohibitory period to those marriages contracted within Oklahoma. We may not extend that prohibition to marriages conducted outside the state. Because 12 O.S.1981 § 1280[11] prohibits only those marriages celebrated within Oklahoma during the six-month period following a divorce, we find that a marriage conducted in another state during the statute's six-month prohibition against remarriage is valid. This finding is in accord with the majority of jurisdictions which have analyzed statutes similar to § 1280 or decrees containing the statutory language and have determined that the statutes have no extra-territorial effect.[12]

We recognize that our holding today, restricting the effect of the six-month prohibitory period contained in § 1280 to marriages contracted within Oklahoma, conflicts with prior case law. *Wasson v. Carden,* 594 P.2d 1223, 1225 (Okla.1979); *Hess v. Hess,* 198 Okl. 130, 176 P.2d 804, 804–05 (1947); *Branson v. Branson,* 190 Okl. 347, 123 P.2d 643, 645 (1942); *Mantz v. Gill,* 147 Okl. 199, 296 P. 441, 444 (1931); *Mudd v. Perry,* 108 Okl. 168, 235 P. 479, 484 (1925); and *Estate of Rodgers,* 569 P.2d 536, 539 (Okla.App.1977), all concerned marriages conducted outside Oklahoma within the six-month period of disability imposed by § 1280 and its predecessor statutes. In *Wasson, Hess, Branson, Mantz,* and *Mudd,* this Court characterized these mar-

**10.** *Anschutz Corp. v. Sanders,* 734 P.2d 1290, 1292 (Okla.1987); *McVicker v. Board of County Comm'rs,* 442 P.2d 297, 302 (Okla.1968); *Oklahoma Alcoholic Beverage Control Bd. v. Central Liquor Co.,* 421 P.2d 244, 248 (Okla.1966).

**11.** Title 12 O.S.1981 § 1280, see note 1, supra.

**12.** Nineteen jurisdictions hold that either statutory language similar to that found in 12 O.S.1981 § 1280, see note 1, supra, or corresponding language in a divorce decree has no extra-territorial effect. See, *Loughran v. Loughran,* 292 U.S. 216, 223, 54 S.Ct. 684, 687, 78 L.Ed. 1219, 1223 (1934) (Recognizing the general rule that a statutory prohibition against remarriage is given only territorial effect.); *Lembcke v. United States,* 181 F.2d 703, 703–04 (2nd Cir.1950) (Applying New York and Pennsylvania law.); *Thomas v. Murphy,* 107 F.2d 268, 270 (D.C.Cir. 1939) (Applying D.C.Code.); *Fordham v. Marrero,* 273 F. 61, 66 (1st Cir.1921) (Applying Puerto Rico law.); *Smiley v. Smiley,* 247 Ark. 933, 448 S.W.2d 642, 645 (1970); *Humphreys v. Baird,* 197 Va. 667, 90 S.E.2d 796, 800 (1956); *In re Kinkead's Estate,* 239 Minn. 27, 57 N.W.2d 628, 631–32 (1953); *Pickard v. Pickard,* 241 Iowa 1307, 45 N.W.2d 269, 271 (1950); *Fitzgerald v. Fitzgerald,* 210 Wis. 543, 246 N.W. 680, 682 (1933); *Criss v. Industrial Comm'n,* 348 Ill. 75, 180 N.E. 572, 574 (1932); *Smith v. Goldsmith,* 223 Ala. 155, 134 So. 651, 654 (1931); *Fisher v. Fisher,* 250 N.Y. 313, 165 N.E. 460, 462, 61 A.L.R. 1523, 1527 (1929); *Reger v. Reger,* 316 Mo. 1310, 293 S.W. 414, 425 (1927); *Opdyke v. Opdyke,* 237 Mich. 417, 212 N.W. 95, 97 (1927); *Bauer v. Abrahams,* 73 Colo. 509, 216 P. 259, 261 (1923); *Horton v. Horton,* 22 Ariz. 490, 198 P. 1105, 1105–06 (1921); *Smallwood v. Bickers,* 139 Ga.App. 720, 229 S.E.2d 525, 527 (1976); *Estate of Sanders,* 147 Cal.App.2d 450, 305 P.2d 655, 658 (1957); *Stephenson v. Stephenson,* 41 Tenn. App. 659, 298 S.W.2d 36, 39 (1956). See also, Annot., "Inhibition by Decree of Divorce, or

Statute of State or Country in Which It Is Granted, Against Remarriage, as Affecting a Marriage Celebrated in Another State or Country," 32 A.L.R. 1116–117 (1924).

Five jurisdictions find that either through statutory language or through the terms of a divorce decree, a remarriage within a prohibitory period is void. See, *Cummings v. United States,* 34 F.2d 284, 286 (D.Minn.1929); *Gerrig v. Sneirson,* 344 Mass. 518, 183 N.E.2d 131, 133 (1962); *Brand v. State,* 242 Ala. 15, 6 So.2d 446, 449 (1941); *Wheelock v. Wheelock,* 103 Vt. 417, 154 A. 665, 665–66 (1931); *Stevens v. Stevens,* 304 Ill. 297, 136 N.E. 785, 787 (1922).

Other cases in which prohibitory language has been given extra-territorial effect concern circumstances not presented by the present appeal. See, *Copple v. Bowlin,* 172 Neb. 467, 110 N.W.2d 117, 121 (1961) (Statute provides bonds not dissolved until six months after decree entered.); *Wright v. Kroeger,* 219 Or. 102, 345 P.2d 809, 811 (1959) (Statute providing that neither party shall be capable of contracting marriage.); *Hack v. Industrial Comm'n,* 74 Ariz. 305, 248 P.2d 863, 863 (1952) (Arizona Court applied Wisconsin law and found remarriage void where effect of divorce was postponed until a future date.); *Bell v. Bell,* 206 Ga. 194, 56 S.E.2d 289, 292 (1949) (If divorce decree contains specific disabilities which are not removed before remarriage, second marriage is invalid.); *Fisch v. Marler,* 1 Wash.2d 698, 97 P.2d 147, 151 (1939) (State specifically forbidding marriage either within or without the state.); *Rhodes v. Miller,* 189 La. 288, 179 So. 430, 433 (1938) (Statute specifically provided that remarriage would be a nullity.); *Johnson v. State Compensation Comm'r,* 116 W.Va. 232, 179 S.E. 814, 816 (1935) (Remarriage invalid when no dissolution of marriage for six months.); *Jay v. Jay,* 212 A.2d 331, 331–32 (D.C.Ct.App.1965) (Statute providing divorce not effective until six months after date of decree.).

riages as voidable within the six months following the remarriage. However, because the parties continued to live together as husband and wife beyond the disability period, we held that the unions ripened into valid common law marriages. In *Rodgers*, the Court of Appeals relied upon the same rationale expressed in our jurisprudence. It held that the death of a spouse before the expiration of the six-month waiting prohibited a party to the voidable marriage from being appointed as the administratrix of the deceased spouse's estate.

*Hess, Branson, Mantz,* and *Mudd* were all decided under prior versions of § 1280 which specifically provided that it was unlawful for either party to a divorce to marry *another person in any state within six months of the divorce decree.*[13] The statute was amended in 1969, and the Legislature adopted language prohibiting only those marriages contracted in Oklahoma within six months after a divorce.[14] *Wasson* and *Rodgers*, both decided after the 1969 amendment, do not analyze the 1969 amendment to § 1280. The prohibition contained in 12 O.S.1981 § 1280,[15] first appearing in the 1969 amendment, to remarriage within six months of a divorce does not apply to marriages solemnized outside of Oklahoma. To the extent that *Wasson* and

*Rodgers* may be read to require cohabitation past § 1280's six-month prohibitory period to validate an out-of-state marriage, they are hereby expressly overruled. This pronouncement should not be construed to affect any other penalty for cohabitation in Oklahoma within the six-month prohibition period of § 1280.

It is clear that under § 1280 only those marriages contracted in Oklahoma during the six months following a divorce are prohibited. However, an apparent conflict exists between the language of § 1280 and 12 O.S.Supp.1981 § 1282.[16] Section 1282 addresses the time when divorce decrees become final and the effect on an appeal. It provides that neither party to a divorce may marry another person within six months of a divorce. Section 1282 does not, as does § 1280, differentiate between marriages conducted within and outside Oklahoma. Section 1282 was amended contemporaneously with the 1969 amendment to § 1280. The pre–1969 version of § 1282[17] did not contain an express prohibition against remarriage during a specified period. However, it did provide that a divorce decree did not become absolute and effective until six months after the date it

---

**13.** Title 12 O.S.Supp.1957 § 1280 provides in pertinent part:

"It shall be unlawful for either party to an action for divorce whose former husband or wife is still living to marry another person in any state within six (6) months from date of decree of divorcement granted in this State or to cohabit with such second husband or wife in this State during said period ..."

See also, 12 O.S.1951 § 1280 and Section 510, C.O.S.1925 both containing language specifically prohibiting marriage to any person in any other state within six months of a divorce.

**14.** Title 12 O.S.Supp.1969 § 1280 provides in pertinent part:

"It shall be unlawful for either party to an action for divorce whose former husband or wife is living to marry in this state a person other than the divorced spouse within six (6) months from date of decree of divorce granted in this state ...

An appeal from a judgment granting or denying a divorce shall be made in the same manner as in any other civil case, but the Supreme Court shall advance such case on its docket and shall expedite its determination."

**15.** Title 12 O.S.1981 § 1280, see note 1, supra.

**16.** Title 12 O.S.1981 § 1282 provides in pertinent part:

**"Time when judgments in divorce actions become final—Effect of appeal**
... If an appeal be taken from any part of a judgment in a divorce action except the granting of the divorce, the divorce shall be final and take effect from the date the decree of divorce is rendered, provided neither party thereto may marry another person until six (6) months after the date the decree of divorce is rendered ..."

Section 1282 was renumbered effective November 1, 1989, and now appears at 43 O.S.1991 § 127. The text of the statute remains unchanged.

**17.** Title 12 O.S.1961 § 1282 provides:

"Every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time, or as provided in case of appeal."

was rendered. Two years after first inserting language in § 1280 providing that only those marriages contracted outside Oklahoma were unlawful, the Legislature again amended the statute. The only change made to § 1280 by this amendment deleted language providing that divorce cases were to have priority before this Court.[18]

Before the Legislature amended § 1280, its meaning had been judicially determined in *Hess, Branson, Mantz,* and *Mudd*—marriages contracted outside of Oklahoma and occurring within the prohibitory period had to continue beyond the six-month period to ripen into valid common law marriages.[19] When the Legislature amends a statute whose meaning has been settled by case law, it has expressed its intent to alter the law.[20] The Legislative intent to change the law is expressed in the 1969 amendment of § 1280 prohibiting only those marriages contracted within Oklahoma.

## CONCLUSION

The express language of 12 O.S.1981 § 1280 [21] prohibits remarriage only if it occurs within Oklahoma during the six months following a divorce. Nothing in the language of the statute indicates that the same prohibition is to be imposed upon marriages contracted outside of Oklahoma. We may not, through judicial fiat, impose a restriction upon marital rights not intended by the Legislature.[22] A marriage conducted in another state during the six-month prohibitory period against remarriage contained in § 1280 is valid.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; REVERSED AND REMANDED.

LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, SUMMERS and WATT, JJ. concur.

OPALA, C.J., and HODGES, V.C.J., concur in result.

OPALA, Chief Justice, with whom HODGES, Vice Chief Justice, joins, concurring in result.

Whether valid, void or merely voidable at its inception, these parties' out-of-state ceremonial marriage is a fit subject for judicial dissolution. The trial court was hence clearly in error when it refused to entertain the divorce suit. It is *solely* for this reason that I concur in today's result. *Whitney v. Whitney,* 192 Okl. 174, 134 P.2d 357, 360 (1943); *Whitney v. Whitney,* 194 Okl. 361, 151 P.2d 583, 585 (1944); *Krauter v. Krauter,* 79 Okl. 30, 190 P. 1088, 1090 (1920).

18. Title 12 O.S.Supp.1969 § 1280, see note 14, supra.

19. *Hess v. Hess,* see note 3, supra; *Branson v. Branson,* see note 3, supra; *Mantz v. Gill,* see note 3, supra; *Mudd v. Perry,* see note 3, supra.

20. *Tom P. McDermott, Inc. v. Bennett,* 395 P.2d 566, 569–70 (Okla.1964); *County Bd. v. Musko-*

*gee Indus. Finance Corp.,* 357 P.2d 224, 227–28 (Okla.1960).

21. Id.

22. *Anschutz Corp. v. Sanders,* see note 10, supra; *McVicker v. Board of County Comm'rs,* see note 10, supra; *Oklahoma Alcoholic Beverage Control Bd. v. Central Liquor Co.,* see note 10, supra.