**Ida Mae LEE, Appellant,**

**v.**

**Geraldine M. LEE and Grant V. Lee, Appellees.**

**No. 3490.**

District of Columbia Court of Appeals.

Argued May 18, 1964.

Decided June 26, 1964.

Norman H. Heller, Washington, D. C., for appellant.

Arthur W. Jackson, Washington, D. C., for appellee Geraldine M. Lee.

Robert A. Harris, Washington, D. C., entered an appearance for appellee Grant V. Lee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

QUINN, Associate Judge.

This is an appeal by Ida Mae Lee from an order adjudging Geraldine M. Lee to be the lawful wife of Grant V. Lee and declaring the ceremonial marriage between Ida Mae Lee and Grant V. Lee invalid and void.

The action was brought by Geraldine M. Lee for an order declaring the validity of her marriage to Grant V. Lee.[1] Both Grant V. Lee and Ida Mae Lee were named as defendants. Ida Mae Lee filed a counterclaim by which she sought a determination that, as the lawful wife of Grant V. Lee, she was entitled to an interest in property owned by him.

At the trial it was found that Grant V. Lee and Florine Lee had been divorced on December 19, 1950, which divorce had become final on June 20, 1951.[2] It was also found that from that date Geraldine M. Lee and Grant V. Lee held themselves out as husband and wife and that there was no impediment to the existence of a valid common-law marriage between them.[3] Thereafter, on July 8, 1954, a marriage ceremony took place in Silver Spring, Maryland between Grant V. Lee and Ida Mae Lee. It was found, however, that Grant V. Lee did not have the right or ability to enter into a valid marital relationship with Ida Mae Lee because of his existing common-law marriage to Geraldine M. Lee. Therefore, Geraldine M. Lee was declared the lawful wife of Grant V. Lee and the ceremonial marriage between Ida Mae Lee and Grant V. Lee was declared void. From these findings Ida Mae Lee appeals.

▬ Her first contention is that the trial court did not have jurisdiction under Code Section 16–921 to declare her marriage to Grant V. Lee invalid. This contention is without merit, for Ida Mae Lee's counterclaim affirmatively sought a declaration that as the lawful wife of Grant V. Lee she was entitled to an appropriate interest in property owned by him. This counterclaim was answered by Grant V. Lee and Geraldine M. Lee. Having invoked the jurisdiction of the court to determine the validity of her marriage, she cannot now contend that the court was limited to determining the marital status of Geraldine M. Lee.

▬ Ida Mae Lee's second contention is that the court erred in finding the existence of a common-law marriage between Geraldine M. Lee and Grant V. Lee when confronted with the ceremonial marriage performed thereafter. In this jurisdiction common-law marriages are recognized and it is settled that if the parties continue to live together as husband and wife after the removal of an impediment to lawful matrimony, a valid common-law marriage exists. Matthews v. Britton, 112 U.S.App.D.C. 397, 398, 303 F.2d 408, 409 (1962). Consequently, the evidence supported the finding that a valid common-law marriage existed between Geraldine M. Lee and Grant V. Lee in the District of Columbia.

1. Code 1961 § 16–921 (Supp. III, 1964) provides: "When the validity of an alleged marriage is denied by either of the parties thereto the other party may institute an action for affirming the marriage, and upon due proof of the validity thereof the court shall decree it to be valid. The decree shall be conclusive upon all parties concerned."

2. Code 1961, § 16–920 (Supp. III, 1964).

3. They had previously been living together with their two children.

The evidence also supported the finding that the attempted ceremonial marriage in Maryland between Grant V. Lee and Ida Mae Lee, both domiciliaries of the District of Columbia, was void. Code 1961, § 30–101 provides:

"The following marriages are prohibited in the District of Columbia and shall be absolutely void ab initio, without being so decreed, and their nullity may be shown in any collateral proceedings, namely:

\*     \*     \*     \*     \*     \*

"Third. The marriage of any persons either of whom has been previously married and whose previous marriage has not been terminated by death or a decree of divorce."

Code 1961, § 30–105 provides:

"If any marriage declared illegal by the aforegoing sections shall be entered into in another jurisdiction by persons having and retaining their domicile in the District of Columbia, such marriage shall be deemed illegal, and may be decreed to be void in said District in the same manner as if it had been celebrated therein."

Thus, since the common-law marriage was not terminated by death or a decree of divorce, the attempted ceremonial marriage in Maryland was void in the District of Columbia.

A similar result follows applying Maryland law, the place where the ceremonial marriage was performed. While Maryland does not recognize common-law marriages, it follows the general rule that if a valid common-law marriage has been entered into in a jurisdiction which recognizes such marriages, the marriage will be considered as valid in Maryland. Henderson v. Henderson, 199 Md. 449, 87 A.2d 403, 409 (1952). Under Maryland law a second marriage, contracted while a first marriage exists undissolved, is a nullity without the passage of any judicial decree declaring it void. Townsend v. Morgan, 192 Md. 168, 63 A.2d 743 (1949).

Thus, under both Maryland law and the law of the District of Columbia, the attempted ceremonial marriage was void.

Affirmed.