925 P.2d 80 (1996)
In the Matter of the ESTATE OF Janice L. VANN, Deceased.
Ardean C. VANN, Appellant,
v.
Lisa SIMPSON, Personal Representative, Appellee.
No. 86485.
Court of Appeals of Oklahoma, Division No. 4.
June 25, 1996.
Certiorari Denied September 25, 1996.
James W. Keeley, Gill and Keeley, Tulsa, for Appellant.
Curtis Shacklett, Barber & Bartz, Tulsa, for Appellee.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 4.
*81 REIF, Judge.
Ardean Vann appeals the denial of leave for him to submit a claim against the estate of his ex-wife almost three years after the final date set for the presentment of claims. He sought to collect a judgment that was entered against his ex-wife in their 1982 divorce decree. The judgment was for one-half of the equity in the former marital residence, but payment of the judgment was deferred or stayed until the occurrence of certain subsequent events, including the death of his ex-wife. Mr. Vann admitted that he knew of his ex-wife's death, but asserted that he had no knowledge about the probate of her estate up until the time he sought leave to file his claim out of time. The personal representative explained that a notice to creditors was not sent to Mr. Vann, because the divorce decree obligation was not discovered despite a reasonably diligent search of decedent's papers and effects. Finding that the personal representative had not discovered Mr. Vann's claim after a reasonably diligent search, the probate court ruled that Mr. Vann's time to file a claim should be governed like any other creditor and refused him leave to file his claim out of time. For the reasons that follow, we reverse.
Mr. Vann's divorce decree judgment against his ex-wife was not payable by its express terms until her death or the occurrence of other events. There is no evidence concerning the occurrence of the other triggering events, but the record does establish ex-wife's death on May 17, 1991, and the county clerk recording of the divorce decree containing the judgment on June 20, 1991. While this recording did not perfect a "judgment lien" under 12 O.S.1991 § 706,[1] it did impart public record notice of Mr. Vann's adjudicated right to be paid half the net equity in the residence that was later part of the estate. This notice was on record for almost a year prior to the filing of the probate. Contrary to the personal representative's contention and the probate court's ruling, such public record notice did make Mr. Vann a "reasonably ascertainable creditor." By statute, the diligent effort by the personal representative to determine the identity of creditors "shall include ... a search ... of the personal effects of the decedent," but is not limited to such search. The effort must generally be "reasonable under the circumstances." 58 O.S.1991 § 331.1. We hold that a reasonable search by any personal representative to ascertain creditors must necessarily extend to the public records where claims or interests that affect the liability or property of the estate are commonly filed.
*82 As a reasonably ascertainable creditor who was not given notice by the personal representative, Mr. Vann should have been allowed to present his publicly-recorded, judgment-based claim out of time. We, therefore, reverse the trial court's denial of leave to present his claim. In so ruling, we make no determination about the validity of Mr. Vann's claim and do not limit in any way the right of the personal representative to contest the claim or assert defenses to its payment.
REVERSED AND REMANDED WITH DIRECTIONS TO ALLOW APPELLANT ARDEAN VANN TO PRESENT HIS JUDGMENT CLAIM AGAINST THE ESTATE OUT OF TIME.
TAYLOR, P.J., and RAPP, C.J., concur.
NOTES
[1] In effect at the time.