2005 OK 63

**In the Matter of the Estate of Jefferson Kenneth VILLINES, II, Deceased, Appellee,**

v.

**Gerald R. SZCZEPANSKI, Appellant.**

**No. 100,274.**

Supreme Court of Oklahoma.

Sept. 20, 2005.

Laurence K. Donahoe, Oklahoma City, OK, and Beverley Q. Watts, Oklahoma City, OK, for appellant.

Russell L Mulinix and Sally Ketchum Edwards, Oklahoma City, OK, for appellee.[1]

OPALA, J.

¶ 1 The question presented on certiorari is whether COCA erred when it affirmed the trial judge's order that disallowed creditor's claim against decedent's estate in probate proceedings. We answer in the affirmative.

## I.

## ANATOMY OF THE LITIGATION

¶ 2 Gerald R. Szczepanski (Szczepanski or creditor) obtained a judgment in Texas

---

1. Identified herein are only those counsel for the parties whose names appear on the certiorari briefs.

against Jefferson Kenneth Villines, II, (Villines) in May of 2001. The judgment was entered prior to Villines' death which occurred approximately one month later. Both parties were Texas residents. Proceedings to probate Villines' will were initiated in the Okfuskee County District Court in September of the same year. In November of 2001 local counsel, whose services were obtained by creditor's Texas lawyer, filed the foreign judgment against Villines (filed a notice of filing a foreign judgment) in Oklahoma county.[2] Notice of this filing was mailed to counsel for the special administrator of decedent's estate, Ron Carter (Carter or personal representative).[3] Szczepanski's current address was provided in this notice of filing.

¶3 On 4 November 2002 counsel for personal representative filed in the Okfuskee County District Court a notice to creditors. The deadline for claims against decedent's estate was 9 January 2003. Notice was twice published in the local newspaper, the Okemah News Leader. Personal representative mailed notice to creditors on 14 November 2002. Neither Szczepanski nor his in-state counsel was provided with a notice to creditors, although personal representative's counsel knew their most recent mailing addresses. He did send a copy to the Texas attorney who was representing Szczepanski in the Villines Texas probate proceeding.[4]

¶4 On 5 May 2003 personal representative filed his application to determine valid creditors' claims against decedent's estate. He deemed Szczepanski's claim to be rejected.[5] Creditor was not notified his claim was rejected. Szczepanski resubmitted his claim on 22 May 2003, four months after the deadline for filing. Following a hearing on the personal representative's application, the trial court disallowed Szczepanski's claim. It found he neither filed his claim by the deadline nor did he bring a separate action against the personal representative to perfect his claim in accordance with the provisions of 58 O.S. § 331 et seq.[6] Creditor appealed.

¶5 Szczepanski urges on appeal that personal representative failed to give him notice in accordance with the terms of § 331[7] and

---

**2.** A statement of judgment, CJ–2002–9034, was filed in Oklahoma county on 11 January 2002. On 15 January 2002, copies were also filed in Pittsburg, Beckham, Lincoln, and Woods counties where decedent held oil and gas interests.

**3.** Ron Carter initially was appointed as special administrator on 27 September 2001 and later as personal representative on 16 August 2002.

**4.** Creditor's Texas lawyer is not licensed to practice in Oklahoma. Szczepanski's lawyer in this cause, Laurence K. Donahoe, entered on 26 February 2003 an appearance in this cause as attorney of record.

**5.** Personal representative did not accept Szczepanski's claim because it did not set forth the exact amount due. He deemed it to have been rejected on the thirtieth day after "presentment" because creditor did not bring an ancillary proceeding in accordance with the terms of § 339. (personal representative's application to determine valid creditors claims) For the § 339 provisions see *supra* note 6.

**6.** The terms of 58 O.S. § 331 et seq., deal with probate procedure. The provisions of § 339 provide: "When a claim is rejected, either by the executor or administrator, or the judge of the district court, the holder may bring suit as an ancillary proceeding in the probate case or as an independent action, according to its amount,

against the executor or administrator. Any proceeding or action shall be filed within forty-five (45) days after the date the claim was rejected, if it be then due, or within two (2) months after it becomes due; otherwise the claim is forever barred." * * *

The trial court found Szczepanski's claim is in the class of claims required to be presented to the personal representative for approval by both the personal representative and the court. If approval is not timely had, the claim is in the class that required the creditor to seek judgment in a separate action.

**7.** The terms of § 331 provide:

"Every personal representative must, unless the notice has been given by a special administrator as provided in § 215 of this title, within two (2) months after the issuance of his letter, file notice to the creditors of the decedent stating that claims against said deceased will be forever barred unless presented to such personal representative ... by the presentment date stated in the notice.... The notice to creditors shall be given by publication in some newspaper in the county in which the probate is filed once each week for two (2) consecutive weeks, and *by mail to all known creditors of the decedent at their respective last-known available addresses*, in accordance with Section 6 of this act." * * * (emphasis supplied)

§ 331.2.[8] According to Szczepanski, he was a *known creditor*[9] at the time personal representative mailed notice of the deadline for filing claims to decedent's creditors. Personal representative's counsel knew of Szczepanski's judgment lien against the decedent and was in possession of his address (as well as of that of his local counsel). Further, the notice of the filing of the foreign judgment (a public record) makes Szczepanski a *reasonably ascertainable creditor*.[10] Personal representative, according to Szczepanski, simply failed in his state-law duty to give actual notice to

Szczepanski. His actions were not in accord with the probate statutes and violated creditor's due process rights.

¶ 6 Szczepanski contends that his claim was timely filed with Villines' estate. The terms of 12 O.S. § 1081(c)[11]—that deal with the death of a party after a judgment—provide that a judgment filed with decedent's representative within the time allowed for other claims "shall be treated as if it has been allowed."[12] Hence creditor's claim was validly submitted when he notified personal representative's counsel of this judgment.

8.   The § 331.2 terms provide:
   "The notice to be given to creditors by mail ... shall be given by mailing by regular first-class mail ... on or before the tenth day following the date said notice is filed ... in which the probate is pending. *Said mailing shall be made to all known creditors* of the decedent by personal representative, or by the personal representative's attorney who may rely upon a list of known creditors submitted to said attorney by the personal representative. No notice by mail shall be required with respect to a creditor whose identity and address were not known to the personal representative on the date said notice was filed, even though the personal representative may thereafter learn the identity or address of such creditor." * * * (emphasis supplied)
   Szczepanski further contends that when he filed his judgment in accordance with 12 O.S. Supp.1993 § 706, it became a lien against any real property owned by Villines and takes precedence over many other claims presented against the estate. (Citing *Stewart Drugs, Inc. v. The Estate of Roberta Ann Paris Funnell*, 2001 OK CIV App 7, 16 P.3d 1134). Lastly, creditor asserts the trial judge's decision circumvents the intent of the probate law to provide opportunity for creditors to submit their claims. (citing 58 O.S. § 333)
   The terms of 58 O.S. § 333 provide:
   "All claims arising under contracts entered into prior to the decedent's death, whether the same be due, not due or contingent, must be presented on or before the presentment date as provided in the notice, and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the personal representative and the judge of the district court, as duly noted on the claim, that the claimant had no notice by reason of being out of state and that a copy of the notice to creditors was to mailed to said claimant, the claim may be presented at any time before a final decree of distribution is entered."

9.   Although creditor does not cite to the terms of 58 O.S. § 331.1, we include its text to provide the statutory definitions of "known creditors" and "reasonably ascertainable creditors."

   "A.   As used in this act, "known creditors", and related or similar references shall mean those creditors of the decedent actually known to the personal representative or reasonably ascertainable by the personal representative as of the date notice to creditors is filed. "Reasonably ascertainable creditors" shall be those whose identities, last-known addresses and claims can be determined by reasonably diligent efforts of the personal representative. If reasonable under the circumstances, such efforts shall include the personal representative's conducting a search after the decedent's death and prior to the filing of the notice to creditors, of the personal effects of the decedent." * * *

10.   Creditor cites Matter of Estate of Vann, 1996 OK CIV APP 82, 925 P.2d 80, for the proposition that a reasonable search by a personal representative to ascertain creditors must necessarily extend to the public records where claims or interests that affect the liability or property of the estate are commonly filed. In *Matter of Estate of Pope*, 1990 OK 125, 808 P.2d 640, the court set out the responsibilities of the personal representative to provide notice to reasonably ascertainable creditors. It is the estate representative's state-law duty to provide actual notice to all such creditor entities whose whereabouts are reasonably ascertainable.

11.   The terms of § 1081(c) provide:

   "If a defendant dies after verdict or after judgment and the verdict and judgment are in favor of the plaintiff, the judgment shall be filed with the representative of the decedent within the time allowed for filing other claims and the judgment shall be treated as if it has been allowed by the representative and it shall be payable in the due course of administration."
   Creditor lastly contends that, even disregarding the terms of § 1081(c), to require his filing of a claim with decedent's estate to meet "letter of the law requirements" but not to require personal representative's notice to meet the same strict standard is unfair.

12.   For the terms of § 1081(c) see *supra* note 11.

¶ 7 COCA, in a split opinion, affirmed the trial judge's decision.[13] Szczepanski's petition for rehearing was denied. He sought certiorari.

## II.

### STANDARD OF REVIEW

¶ 8 The issue decided by the trial judge and COCA is one of statutory interpretation. It calls for a legal conclusion which is subject to a *de novo* standard on appellate review.[14] When reexamining a trial court's legal rulings, an appellate court exercises plenary, independent and non-deferential authority.[15]

## III.

### TODAY'S CAUSE IS SETTLED BY EMPLOYING RULES OF STATUTORY CONSTRUCTION

¶ 9 The goal of inquiry into the meaning of a statutory enactment is to ascertain and give effect to the intent of the legislature.[16] It is presumed that the lawmaking body has expressed its intent in a statute's language and that it intended what it so expressed.[17] If the meaning of a statute is plain and unambiguous, it will not be subjected to rules of judicial construction but will receive the effect its language dictates.[18] Only where legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity, are rules of statutory interpretation employed.[19] The determina-

13. COCA's opinion rests on the terms of 58 O.S. § 337 which deal with the allowance and rejection of creditors' claims. That section provides:
   "When a claim is presented to the personal representative, he must endorse thereon his allowance or rejection, with the date thereof. If the personal representative allows the claim, it must be presented, with the date of such presentment noted thereon to the judge for his approval, who must, in the same manner, endorse upon it his allowance or rejection. If the personal representative rejects the claim, in whole or in part, the personal representative shall mail a notice of such rejection to the creditor, by regular, first-class mail, to the creditor's address last-known to the personal representative, not later than five (5) days following the date of such partial or total rejection. If the personal representative refuses or neglects to endorse such allowance or rejection for thirty (30) days after the claim has been presented to him, or refuses or neglects to mail a notice of rejection in accordance with the preceding sentence of this section, such refusal or neglect is equivalent to a rejection on the thirtieth day after presentment of the claim to the personal representative, regardless of the date on which the claim may have been actually rejected in whole or in part. If the judge refuses or neglects to endorse his allowance or rejection on a claim, allowed by the personal representative, within thirty (30) days after the claim is presented to the judge, such refusal or neglect is equivalent to a rejection on the thirtieth day after presentment of the claim to the judge. If the claim be presented to the personal representative before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the personal representative and/or by the judge after the expiration of such time. A claim presented to the personal representative at the personal representative's place of residence or business or at the personal

representative's attorney's place of business prior to the first publication of the notice shall be considered validly presented, shall be deemed to have been presented on the date of first publication of the notice and shall not be acted upon by the personal representative prior to such date, and the personal representative shall not be required to give notice to such creditor by mail, other than notice of rejection if the claim is rejected in whole or in part to the creditor who presented such claim."

14. *Booth v. McKnight*, 2003 OK 49, ¶ 12, 70 P.3d 855, 860.

15. *Booth*, *supra* note 14, at ¶ 12 at 860 (citing *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1083). "Issues of law are reviewable by a de novo standard and an appellate court claims for itself plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings." *Supra*. *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

16. *Cooper v. State ex rel. Dept. of Public Safety*, 1996 OK 49, ¶ 10, 917 P.2d 466, 468.

17. *Nealis v. Baird*, 1999 OK 98, ¶ 55, 996 P.2d 438, 460; *TXO Production Corp. v. Okla. Corp. Comm'n*, 1992 OK 39, ¶ 7, 829 P.2d 964, 969.

18. *Ross v. Peters*, 1993 OK 8, ¶ 9, n. 17, 846 P.2d 1107, 1119, n. 17; *TRW/Reda Pump v. Brewington*, 1992 OK 31, ¶ 5, 829 P.2d 15, 20; *Forston v. Heisler*, 1961 OK 198, ¶ 11, 363 P.2d 949, 951.

19. *Cooper*, *supra* note 16, at ¶ 10 at 468; *TXO Production Corp.*, *supra* note 17, at ¶ 7 at 969. *Cox v. Dawson*, 1996 OK 11, ¶ 6, 911 P.2d 272, 276.

tion of legislative intent controls statutory interpretation by the judiciary.[20] When possible, different provisions must be construed together to effect an harmonious whole.[21]

## IV.

**THE § 337 TERMS REQUIRE DECEDENT'S PERSONAL REPRESENTATIVE TO GIVE ACTUAL NOTICE OF A CLAIM'S REJECTION—WHETHER IT IS REJECTED IN WHOLE OR IN PART—TO CREDITORS WHO SUBMIT A CLAIM PRIOR TO THE FIRST PUBLICATION OF NOTICE AND WHO ARE NOT SENT PERSONAL REPRESENTATIVE'S NOTICE TO CREDITORS**

¶ 10 Section 337 deals with the allowance or rejection of a claim against a decedent's estate by a personal representative or judge.[22] A review of its terms compels us to agree with the statutory analysis pressed by the dissenting judge below. A thorough reading of the enactment reveals its terms are ambiguous. Although § 337 covers one long paragraph, its provisions encompass two distinct classes of creditor claims: 1) those presented in response to personal representative's notice to creditors and 2) those presented prior to the first publication of notice. How the § 337 terms impact each class of claims differs.

¶ 11 The text of § 337 begins, "[w]hen a claim is presented to the personal representative ..." Its terms describe the procedure to be followed by personal representative and judge in their approval or disapproval of a submitted claim.[23] Although it does not here distinguish between claims presented before the deadline for filing a claim against an estate from those presented in response to personal representative's notice to creditors, it becomes clear that it is referring to the latter. This is so because this portion of the statute provides that if the personal representative or judge "refuses" or "neglects" to allow or reject a claim, "such refusal is equivalent to a rejection" thirty days after the claim was presented. Clearly, this language contemplates claims that have been filed subsequent to provision of notice to creditors.

¶ 12 The final sentence in the paragraph (what we refer to as the second portion) addresses, *for the first time,* a claim presented *prior* to the first publication of the notice.[24] The requirements to be followed by an estate's representative are different from the procedure set forth for creditors who present a claim in response to a received notice. Its terms provide that early-presented claims "shall be considered validly presented, shall be deemed to have been presented on the date of first publication of the notice and shall not be acted upon ... prior to such date, and the personal representative shall not be required to give notice to such creditor by mail, *other than notice of rejection* if the claim is rejected in whole or in part to the creditor who presented the claim." [25]

20. *State ex rel. Dept. of Human Services v. Jerry Colclazier,* 1997 OK 134, ¶ 9 n. 13, 950 P.2d 824, 827 n. 13; *Copeland v. Stone,* 1992 OK 154, ¶ 5, 842 P.2d 754, 756; *Fuller v. Odom,* 1987 OK 64, ¶ 5, 741 P.2d 449, 453.

21. *McNeill v. City of Tulsa,* 1998 OK 2, ¶ 11, 953 P.2d 329, 332.

22. Claims may be allowed or rejected by either personal representative or judge. For the complete text of § 337 see *supra* note 13. If a claim is overtly rejected by personal representative, in whole or in part, notice of the rejection must be given to the presenter not later than five days following the rejection. A claim also may be rejected in a less manifest manner by refusal of a personal representative or judge to "endorse" the claim or by either's "neglecting" to do so

within the time period permitted, i.e, the "deemed rejected" provision. Such refusal or neglect is "equivalent to a rejection" 1) thirty days after the claim has been neglected or refused by the personal representative or 2) within thirty days after an approved claim is presented to the judge who refuses to endorse it.

23. For all of the § 337 provisions see *supra* note 13.

24. For the terms of § 337 see *supra* note 13.

25. (Emphasis supplied) For the terms of § 337 see *supra* note 13. Because neither party on appeal disputes Szczepanski's notice to personal representative's counsel was a valid claim, the focus of our inquiry is limited to the treatment of a validly presented claim against a decedent's estate.

¶ 13 Creditors who present a claim subsequent to a received notice are provided definite time-frame information within which subsequent legal actions, if necessary, must be filed. They received a notice to creditors and hence are aware of the deadline for filing claims. More importantly, such creditors, even if not given further notice, are able to determine 1) when their claim may be deemed denied by silence and 2) the forty-five day period in which they must bring an ancillary proceeding.[26]

¶ 14 Creditors who, on the other hand, submit their claim early (rather than in response to personal representative's notice) *and who do not receive notification that their claim is rejected* have no way to determine the time limit for filing an ancillary proceeding. Indeed, they have no way of knowing that the event triggering the running of the forty-five day period for filing an ancillary proceeding has even begun. The inclusion of "other than notice of rejection" [27] and the absence of the "deemed rejected" or "equivalent to a rejection" language in the latter portion of § 337, hence, logically implies a requirement of *actual notification of rejection* to a creditor who presented his claim early. To interpret the paragraph's final sentence in that section as allowing an early-submitted claim to be subject to rejection by silence renders the "other than notice of rejection" language superfluous. This results in treating the two classes of claimants differently. One claimant knows a time structure to which he is held accountable: the other must guess or be burdened to monitor the court's docket for what, as here, may be a substantial time period.

¶ 15 *We hence hold that the terms of § 337 require a decedent's personal representative to give actual notice of a claim's rejection, whether the claim is rejected in whole or in part, to creditors who submit a claim prior to the first publication of notice and who are not sent personal representa-* tive's *notice to creditors.* Szczepanski domesticated his foreign judgment and filed his claim with decedent's personal representative **prior to the deadline for submission of claims.** Although the terms of § 337 do not, in this circumstance, require a personal representative to include creditor on the list of those who *shall* receive notice by mail, logic dictates that creditor must receive *actual notice* if his claim, or any portion of it, is rejected. Because Szczepanski received no notification of his claim's rejection nor was his claim one that could be deemed rejected by silence, his claim was improperly disallowed.

¶ 16 Today's ruling clarifies the ambiguity present in the § 337 terms which addressed themselves to two classes of claims against a decedent's estate. It also makes the terms of § 339 operable upon creditors' claims that have been presented before publication of notice in addition to those submitted in response to personal representative's notice. Lastly, it harmonizes the § 337 terms with the constitutional notice due creditors required by Oklahoma's probate code.[28]

## V.

## SUMMARY

¶ 17 We hold today that the terms of § 337 require a decedent's personal representative to give *actual notice* of a claim's rejection, whether in whole or in part, to creditors who submit a claim prior to the first publication of notice and who are not sent personal representative's notice to creditors. Section 337 deals with the allowance or rejection of claims against a decedent's estate by the personal representative or judge. Its terms implicate two types of claims: 1) those presented in response to a personal representative's notice to creditors and 2) those submitted before publication of notice. Because that portion of the statute dealing with the second class of claims fails to include the

---

26. The terms of § 339 see *supra* note 6.

27. For the text of § 337 see *supra* note 13.

28. For the terms of §§ 331, 331.1, 331.2 and 333 see *supra* notes 7, 8 and 9. See also *Pope, supra* note 10.

Because our ruling rests on the § 337 terms, we decline to address other arguments presented by the parties.

"deemed rejected" language and implies a requirement that actual notice be given when such a claim is rejected,[29] we conclude that only the first class of claims is subject to the statute's "deemed rejected" provisions.

¶ 18 On certiorari previously granted upon Szczepanski's petition, the Court of Civil Appeals' opinion and the trial court's order are reversed; the cause is remanded to the trial court for proceedings to be consistent with today's pronouncement.

¶ 19 WATT, C.J., WINCHESTER, V.C.J., and LAVENDER, HARGRAVE, KAUGER, EDMONDSON and TAYLOR, JJ., concur.

¶ 20 COLBERT, J., not participating.

---

**29.** For the terms of § 337 see *supra* note 13.          See also part IV of today's opinion.