OSCN Found Document:GUERRA v. STARNES

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 GUERRA v. STARNES
2016 OK CIV APP 42
Case Number: 113625
Decided: 05/24/2016
Mandate Issued: 06/27/2016
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2016 OK CIV APP 42, __ P.3d __

 

IN THE MATTER OF THE ESTATE OF B. GAIL STARNES, Deceased.

CHRISTINA GUERRA, Appellant,
v.
KENT A. STARNES and G. SCOTT STARNES, Appellees.



APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE KURT G. GLASSCO, TRIAL JUDGE



REVERSED AND REMANDED



Grant W. Brown, Thomas H. Landrum, THE FIRM ON BALTIMORE, PLLC, Tulsa, Oklahoma, for Appellant
Jeff Steen, Broken Arrow, Oklahoma, for Appellees




P. THOMAS THORNBRUGH, PRESIDING JUDGE:


¶1 Christina Guerra appeals the decision of the district court holding that Guerra's lawsuit against B. Gail Starnes is barred because Guerra did not file a proof of claim against Starnes' Estate within the statutory time period. On review, we find that the Oklahoma Legislature has dispensed with the requirement that a plaintiff in a case that is pending against a defendant at the time of the defendant's death must file a proof of claim against the defendant's estate in order to preserve the suit. Rather, a pending action is preserved by the proper substitution of the decedent's personal representative as defendant in the action. In this case, Starnes' Estate representatives were properly substituted, and Guerra's suit is not barred. Consequently, the trial court's decision is reversed.

BACKGROUND

¶2 This case involves the interaction of two separate cases in different counties. In March 2013, Guerra filed a case against Starnes in Wagoner County (the Real Estate Case) alleging breach of duty and breach of disclosure requirements in a real estate transaction involving Starnes, a real estate agent. Starnes died in February 2014 and her executor began a probate proceeding in Tulsa County (the Probate Case). Because the timing of events is important to our holding in this matter, we note the following timeline:

4-29-13 Guerra sues Starnes in Real Estate Case.

6-25-13 Starnes Answers in Real Estate Case.

2-15-14 Starnes dies.

2-19-14 Suggestion of Death filed in Real Estate Case by Starnes' counsel.

3-5-14 Amended Suggestion of Death filed in Real Estate Case.

4-4-14 Petition for Probate of Starnes' Will filed in Probate Case.

6-2-14 Guerra files Motion to Substitute Starnes' personal representative as defendant in Real Estate Case.

6-5-14 Personal representatives file Affidavit of Non-mailing (alleging no creditors) and Petition for Distribution and Discharge in Probate Case.

7-7-14 Order granting Guerra's Motion to Substitute filed in Real Estate case.

8-5-14 Order filed in Probate Case- hearing on Petition for Distribution and Discharge continued till 10-1-14 to allow Guerra to appear and argue.

10-1-14 Hearing on Petition for Distribution and Discharge. Guerra's counsel does not attend because of counsel's docketing error. Decree of Distribution approved.

10-21-14 Guerra moves to vacate Decree of Distribution and Discharge in Probate Case.

11-20-14 Order granting Motion to Vacate in Probate Case (setting hearing December 16, 2014).

01-13-15 Order entered -- Reinstatement of Final Decree of Distribution (following hearing).

¶3 The district court ruled that Guerra had failed to file a proof of claim with Starnes' Estate within the required statutory period, and hence her lawsuit was barred. Guerra now appeals.

STANDARD OF REVIEW

¶4 Probate proceedings are of equitable cognizance. In re Estate of Holcomb, 2002 OK 90, ¶ 8, 63 P.3d 9. We will not disturb the trial court's decision unless it is "found to be clearly contrary to the weight of the evidence or to some governing principle of law." In re Estate of Maheras, 1995 OK 40, ¶ 7, 897 P.2d 268. This matter involves questions of statutory interpretation. We are required to review questions of law, such as the construction of statutes, under a de novo standard of review. In re Estate of Jackson, 2008 OK 83, ¶ 9, 194 P.3d 1269.

ANALYSIS

I. NOTICE AND THE FILING OF CLAIMS

¶5 The trial court found that Guerra failed to make a claim with the Starnes' Estate regarding Guerra's pending lawsuit, and hence the lawsuit was barred by operation of the "non-claim" provisions of 58 O.S.2011 § 331 of Oklahoma's probate procedure statutes. Guerra argues that she did not receive the actual notice the Estate was statutorily required to give to known creditors, or alternatively, that she gave the Estate timely notice of her claim. The record establishes that the representatives knew that the decedent (their mother) had been sued in Wagoner County; that they sent Guerra no notice pursuant to § 331; that Guerra received a suggestion of death before the probate petition was filed; that Guerra substituted the Estate representatives as defendants; and that no creditor's claim was filed with the Estate in the statutorily required format.

A. The Non-claim Statute

¶6 Pursuant to 58 O.S.2011 § 331:



Every personal representative must, unless the notice has been given by a special administrator as provided in Section 215 of this title, within two (2) months after the issuance of his letters, file notice to the creditors of the decedent stating that claims against said deceased will be forever barred unless presented to such personal representative, . . . by the presentment date stated in the notice.



The purpose of the "non-claim" statute and its bar of unfiled claims is to expedite handling and closing of estates. "The legislature has considered the importance of this question in its amendment of the statute reducing the period of time within which the claim may be filed from four months to two months. Clearly this is an expression of the legislative concern for the expediting and disposing of administration of estates without delay." State ex rel. Cent. State Griffin Mem'l Hosp. v. Reed, 1972 OK 14, ¶ 17, 493 P.2d 815. Estate argues that this statute bars Guerra from recovering on her lawsuit.

B. Notice

¶7 Guerra argues that she is not subject to the two-month non-claim bar because she was not given actual notice of the Probate Case. In 1988, the U.S. Supreme Court held, in Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 108 S. Ct. 1340, that the existing § 331 process of notice to creditors by publication did not satisfy minimum constitutional requirements if the identity and address of a known creditor could be "reasonably ascertained." The requirement that written notice be sent to known creditors was added to § 331 the same year. After the Pope case returned to the Oklahoma Supreme Court, that Court held that, when a hospital provided medical care during the decedent's last illness, the hospital was a known or reasonably ascertainable creditor of the estate entitled to actual notice of probate.

¶8 Two other notice cases were decided after the 1988 amendment to § 331. Matter of Estate of Vann, 1996 OK CIV APP 82, ¶ 3, 925 P.2d 80, found that the holder of a recorded judgment in a divorce decree that directed the disposition of estate property was a "reasonably ascertainable creditor" entitled to written notice. Villines v. Szczepanski, 2005 OK 63, ¶ 5, 122 P.3d 466, held that the filing of a foreign judgment (a public record) against Villines prior to his death made Szczepanski a reasonably ascertainable creditor.

¶9 If a filed foreign judgment and a divorce decree filed in another county are reasonably ascertainable, it would follow that a pending lawsuit is also reasonably ascertainable by the same means. We therefore hold that Guerra was entitled to minimum constitutional notice, and that publication in the deceased's city of residence alone would be insufficient to meet that requirement. However, before we proceed further on this finding, a more fundamental inquiry is necessary. 

¶10 In this case, both parties and the court proceeded on the basis that Guerra's lawsuit was subject to the "notice and claim" procedure set out in 58 O.S. §§331 through 334, i.e., that Guerra must submit a claim to the estate in the manner stated by those sections in order to preserve her suit. However, after examining the relevant statutes, we find that a plaintiff with a lawsuit pending at the time of the defendant's death is no longer required to file a creditor's claim with the estate, but establishes the claim by substituting an estate representative as defendant within 90 days of a suggestion of death on the record.

C. A Plaintiff in a Suit Pending at the Time of the Defendant's Death is not Required to File a Claim Pursuant to § 331 in Order to Preserve the Suit

¶11 The parties differ only on the questions of whether proper notice was given, and of whether a claim was actually made. However, neither party cites case law to the effect that a lawsuit pending before the death of a defendant is subject to the notice and claim procedure of §§ 331 through 334 at all, and we find no recent case or statutory law to that effect. Hence, a review of the history of the applicable statutes governing presentation of claims against an estate and substitution of parties is appropriate.

1. The Situation Pre-1965

¶12 Title 58 O.S. § 343 ("Action Pending at Death") was in effect without change for more than 50 years. Prior to 1965, it stated:



If an action is pending against the decedent at the time of his death, the plaintiff must, in like manner, present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required. (Emphasis added)



¶13 Clearly, presentation of a pending lawsuit as a claim against the estate was necessary prior to 1965. During the same period, Oklahoma had an equally long-standing "revivor" statute. Until 1965, 12 O.S. §§ 1069-1071 allowed for a case in which the defendant had died to be "revived" against the defendant's estate within one year if the cause of action was one that survived death. The version of § 331 in effect until 1965 was similar to the current § 331, except that it provided for notice by publication only, and did not bar claims until four months after notice as opposed to the current two months. It appears clear that, during this time, the probate statute controlled over the revivor statute. The plaintiff in a pending lawsuit was required to file a claim with the estate within four months of notice of probate. This established situation changed in late 1965.

2. The Situation 1965-1971

¶14 In 1965, the Legislature reduced the non-claim period of § 331 to two months. Laws 1965, c. 155, § 1. In the same legislative session, it changed § 1080 of the revivor statute, inserting a specific procedure involving probate:



. . . . Where a defendant dies, it is not necessary to present the claims to the decedent's representative before substituting him as a party to the action.

(b) Unless the motion for substitution is made within a reasonable time after the death is suggested on the record and the adverse party or his attorney of record has been notified that the death has been suggested on the record, the action shall be dismissed without prejudice to the deceased party.



(Emphasis added).

¶15 Although these two statutes co-existed for six years, we find no case law interpreting them together, and they appear to have been contradictory or ambiguous. The new § 331 strictly barred claims that were not presented within two months of notice by publication, irrespective of whether there had been a suggestion of death on the record. Section 1080 states that a claim need not be filed until substitution, and substitution need only take place within a "reasonable time" of a suggestion of death on the record. No published decision has interpreted which statute controlled. However, we need not decide this conundrum, because the Legislature solved it in 1972.

3. The Situation 1972-1985

¶16 In 1972, the claim-filing requirement of § 343 was repealed in its entirety, and apparently was not replaced. Laws 1972 c. 28, § 1, emerg. eff. Feb 23. 1972. This fact is crucial. 

¶17 Given the conflict/ambiguity between § 331 and § 1080, the Legislature had the choice of either altering the provisions of § 1080 that delayed the notice requirement until substitution occurred; or altering the requirement of § 343 that a pending lawsuit be presented as a claim against the estate within the two-month limit of § 331. The Legislature chose to alter the probate code by repealing the § 343 requirement that the plaintiff in a lawsuit existing before the defendant's death must present a claim to the executor or administrator. We find no statutory record that the Legislature replaced this repealed requirement with any other legislation to the same effect.

¶18 The claim presentation requirement of § 343 was clearly repealed in 1972. Section § 1080, however, still contained the provision stating that it was not necessary to present the claims to a decedent's representative before substituting a claimant as a party to the action. Section 1080 may thereby have still implied that it was necessary to present a claim after substitution. In 1984, this ambiguity was removed. Section 1080 was repealed, and replaced with the current regime of 12 O.S.2011 § 2025. Laws 1984, c. 164, §§ 27 and 32, SB 417, c. 164, § 32, eff. November 1, 1984. The new statute carried over many of the features of § 1080, but changed the time to substitute from "a reasonable period" to 90 days after a suggestion of death on the record. The Legislature also deleted the reference to presenting a claim to the executor or administrator. Consequently, by 1984, the statutory references to a plaintiff in a pending suit filing a creditor's claim with the administrator of a deceased defendant's estate had been deleted from both the probate statutes and the substitution statute.

¶19 We therefore conclude that, after 1984 (and probably after 1972) there was no statutory requirement that a plaintiff in a pending lawsuit present a claim to a personal representative via the 58 O.S. §§ 331 through 334 process. 

II. HOW IS A CLAIM PRESENTED IN THIS SCENARIO?

¶20 We now reach the crux of the matter: The Legislature has repealed the requirement that a plaintiff file a proof of claim with the estate. Yet the public policy favoring the rapid closure of estates requires some timely resolution of the status of a plaintiff as a claimant. This legal preference for timely resolution is facilitated by the 12 O.S.2011 § 2025 "suggestion of death" process. If a representative wishes to close an estate, instead of giving notice of probate to the plaintiff as a "known creditor," the representative simply files a suggestion of death on the record in the tort case. This suggestion of death gives the plaintiff 90 days to substitute the representative as defendant in the suit, or else the suit is subject to dismissal without prejudice. Accordingly, if the plaintiff does not then substitute a party within 90 days, there is no current claim against the estate, and the estate may close. If the plaintiff does substitute the representative as defendant, the estate is no worse off than if the plaintiff had filed a claim. This process therefore imposes no greater burden than that of mailing notice to the plaintiff as a known creditor.

A. Is There a Conflict Between the 90-Day Substitution Period and the 60-Day Non-claim Period?

¶21 The only possible impediment to this harmonization of the current statutes is that the time periods and triggering events for the "notice and claim" and "suggestion of death" processes are different:



A proof of claim must be filed within two months of publication of notice to creditors;

A substitution must occur within 90 days of a suggestion of death on the record.



¶22 Even if the representative makes a suggestion of death at the same time notice is given, a representative theoretically might attempt to close the estate after two months and one day, while there is still 29 days available to substitute the representative as a party. However, the two-month non-claim period is not the same as the time actually required to close an estate. We foresee no scenario in which an administrator could settle all claims, hold a final hearing and close the estate within 90 days. Therefore, as a practical matter, the estate will still be open at the time the representative is substituted as defendant.

III. APPLICATION OF THESE PRINCIPLES TO THE CURRENT CASE

¶23 The record reflects that substitution was requested within 90 days of a proper suggestion of death on the record. As a result, it appears that Guerra's claim was properly preserved. Starnes' Estate argues, however, that Guerra's lawsuit against Starnes was a "contract claim," which the law treats differently from other pending lawsuits. The Estate argues that suits involving contract claims must still be presented as a claim within two months of notice. As explained below, we reject this argument.

A. "Contract Claims"

¶24 Title 58 O.S.2011 § 333 states that:



All claims arising upon contracts entered into prior to the decedent's death, whether the same be due, not due or contingent, must be presented on or before the presentment date as provided in the notice, and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the personal representative and the judge of the district court, as duly noted on the claim, that the claimant had no notice by reason of being out of the state and that a copy of the notice to creditors was not mailed to said claimant, the claim may be presented at any time before a final decree of distribution is entered;[1]



¶25 The record indicates that Guerra's lawsuit contains elements of contract, negligence, breach of statutory duty, and fraud. We are neither directed to, nor do we find, case law indicating that pending lawsuits are treated differently by state probate statutes if the lawsuit is one that arguably involves a breach of contract. Most case law involving § 333 revolves around contracts that were incomplete at the time of death or contracts that might result in a lawsuit, and not with lawsuits already pending at the time of death. Given that Oklahoma law may allow a claim such as Guerra's to be presented as either a breach of contract, or a claim of negligence in performing the contract, or a breach of a statutory duty, or a fraud, we find no basis to treat the pending lawsuit differently from any other, or subject it to a different cut-off date based on its characterization. We hold that 12 O.S. § 2025, rather than 58 O.S. § 333, controls this question.

B. Is Guerra's Claim Still Viable?

¶26 The litigation timeline indicates that Starnes' counsel first filed a suggestion of death in the Real Estate Case on February 19, 2014. However, this suggestion was not "substantially compliant" with the format required by 12 O.S.2011 § 2027 "Form 22," and hence not effective to trigger the 90-day substitution period. On March 5, 2014, Starnes' counsel filed an amended suggestion of death that was statutorily compliant. On June 2, 2014, within 90 days of the amended suggestion of death, Guerra's counsel filed a motion to substitute. The substitution was timely pursuant to the substitution statute. The rule governing substitution does not mandate that substitution be effected within 90 days of suggestion of death; the rule requires only that a motion for substitution be made within that time. Escareno v. Carl Nolte Sohne GmbH & Co., 77 F.3d 407, 411 (11th Cir. 1996). We conclude that a proper substitution of parties occurred, and Guerra's lawsuit remains viable. The lawsuit thus represents an "unmatured, contingent, or disputed claim" against the Estate that should have been dealt with pursuant to 58 O.S.2011 § 596.

CONCLUSION

¶27 The position of the parties and the district court is understandable, given that no full assessment of the 1972 repeal of the 58 O.S. § 343 claim filing requirement and the 1984 removal of language regarding the filing of claims from the substitution of parties statute has been made or addressed by our courts in the intervening years. The Legislature has removed the statutory references requiring the plaintiff in a suit which is pending at the time of the defendant's death to file a claim with the defendant's estate. We find no current requirement that such a claim be made, and hold that timely substitution of the estate representative as defendant acts to preserve the lawsuit against the non-claim statute.

¶28 In this case, the representatives were properly substituted as defendants, Guerra's claim is not barred by § 331, and Starnes' Estate should not have been closed. We therefore reverse the holding of the district court, and remand this matter for proceedings consistent with this opinion.


¶29 REVERSED AND REMANDED.



RAPP, J., and BARNES, J., concur.



FOOTNOTES


[1] It is possible that § 333 should have been modified at the same time as § 331. The U.S. Supreme Court found in Tulsa Prof'l Collection Servs., Inc. v. Pope that notice solely by publication to known creditors was constitutionally insufficient to apply the nonclaim provisions. That decision raises a question of whether § 333 can allow known or reasonably ascertainable contractual claims to be barred based on notice solely by publication, which we do not decide here.










 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1996 OK CIV APP 82, 925 P.2d 80, 67 OBJ 3053, Matter of Estate of Vann,
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1995 OK 40, 897 P.2d 268, 66 OBJ 1417, Matter of Estate of Maheras
Discussed
 1972 OK 14, 493 P.2d 815, STATE ex rel. CENTRAL STATE GRIFFIN MEM. HOSP. v. REED
Discussed
 2002 OK 90, 63 P.3d 9, IN THE MATTER OF THE ESTATE OF HOLCOMB
Discussed
 2005 OK 63, 122 P.3d 466, IN THE MATTER OF THE ESTATE OF VILLINES
Discussed
 2008 OK 83, 194 P.3d 1269, IN THE MATTER OF THE ESTATE OF JACKSON
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2025, Substitution of Parties
Discussed at Length
 12 O.S. 2027, Appendix of Forms
Cited
Title 58. Probate Procedure
 Cite
Name
Level

 58 O.S. 331, Notice to Creditors to Present Claims
Discussed at Length
 58 O.S. 333, Claims Barred When not Presented in Time - Exceptions
Discussed
 58 O.S. 596, Payment of Disputed Claims
Cited